talks with the defendant, however, it appeared that when the agreement was made the telephone stock was $2,500, being 25 shares of $100 each, and plaintiff was to have 20 of these 25 shares, and that afterwards, however, some change was made, by increase of the capital stock or merger with some other company, and the stock was $50,000, in shares of $10 each, and defendant wanted plaintiff to accept 20 shares of this $10 stock. The plaintiff's attorney, by cross-examination of defendant, tried to show the details of this change of stock; but the court ruled out the evidence, and announced that the only question was whether there were two telephone companies of the same name, or only one, and then directed the verdict. We think the plaintiff should have been permitted to cross-examine the defendant to develop the facts, which were not within the plaintiff's knowledge, and which he hoped to bring out on such cross-examination.

There was some proof that the plaintiff's attorney accepted for his client the 20 shares of $10 stock; but the attorney testified that he sent it back, and finally it was stipulated he should hold it till the trial. The damages were not very clearly established, but they can be shown on a new trial, if the plaintiff is found entitled to recover in the case.

A new trial should be had.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.

---

SHAW v. ROCHESTER, S. & E. R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

EMINENT DOMAIN (§ 276*) — RAILROADS—TAKING PRIVATE PROPERTY—REMEDY OF OWNER—INJUNCTION.

A trolley company constructed its road in a village street without consent of plaintiff, an abutting owner whose title extended to the center of the street. The deed showing the extent of plaintiff's title was not of record when the road was constructed, and there was doubt as to the necessity of acquiring any rights to cross the premises. Plaintiff made no objection to the building of the road in front of his premises, and only claimed damages after it had been in operation for years. The company was compelled to improve the grade of the street and pave it without expense to the village or abutting property owners. *Held*, that the so-called rental and fee damages should be computed, and the company allowed to have a deed to the right to use the property upon payment of the damages and costs, and only if it should refuse to pay them, and accept the deed, should an injunction against operating its road in front of plaintiff's premises and compelling it to remove its poles, etc., be granted.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 774; Dec. Dig. § 276.*]

McLennan, P. J., dissenting.

Appeal from Equity Term, Monroe County.

Action by Leander M. Shaw against the Rochester, Syracuse & Eastern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Nottingham & Nottingham, for appellant.
Reed & Shutt, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought to restrain defendant from operating its trolley road along John street, in the village of Fairport, Monroe county, in front of plaintiff's property, and maintaining the grade, poles, wires, and permanent obstructions on his premises, and to compel defendant to remove said obstructions and to restore the grade, and to recover $2,000, accrued damages and costs, and for other just and equitable relief. This relief was sought for upon the claims that plaintiff owned to the center of the street and the defendant had committed a trespass by constructing and operating its road over plaintiff's premises without acquiring the right so to do by agreement or condemnation proceedings. It appeared upon the trial, and the court found, that the plaintiff was the owner of the lands in question, his title extending to the center of the street; that the defendant constructed and was operating its road along the street and across plaintiff's premises without his consent, and without acquiring the right so to do by condemnation proceedings; that such acts constituted continued and permanent trespasses, for which plaintiff would have a right to a series of actions against the defendant so long as the defendant failed to acquire the right to use the land by agreement or some legal proceeding.

So far the court was correct in its decision. The controversy is over the relief granted, based upon these facts. The court granted the injunction, restraining and mandatory, asked for as hereinbefore stated, but directed that it should not take effect or be operative for about two months thereafter, and that the plaintiff recover damages for the trespass up to the time of the commencement of the action, about three years, in the sum of $150. These damages were grossly excessive. A mere reading of the evidence shows this. No detailed consideration of it here is necessary. Beyond this we do not think an injunction should have been granted. The plaintiff's rights could as well be fully protected by adopting the practice that has come into general use in this class of cases, viz., finding the rental and fee damage, so called, and providing that the defendant, upon paying such damages and costs, should have a deed of the right to use the property. If the plaintiff refused to give the deed upon the payment of the damages and costs, he should have no injunction. If the defendant refused to pay the damages and costs, and accept the deed, then only should an injunction issue. This relief should have been provided by the trial court, and the whole controversy thus settled in an inexpensive and expeditious manner. The matter was of too little consequence to make the defendant the expense of condemnation proceedings, which seem to have been contemplated by the relief that was granted by the trial court.

The deed that showed the extent of plaintiff's title to the property was not of record when the railroad was constructed, and there was doubt as to the necessity of acquiring any rights to cross the same.

No objection was made by the plaintiff to the building of the railroad along the street in front of his premises. The railroad was compelled to improve the grade of the street, and to pave it, without expense to the village or the property owners on the street. The plaintiff only made his claims after the railroad had been built for a long distance and in operation for years. It is a case, therefore, where the railroad should be made no unnecessary expense in acquiring its right to cross plaintiff's property. Under the law of the state it must pay the so-called rental and fee damages, whatever they may be determined to be by agreement or legal proceedings. It is a case peculiarly for the application of the procedure here suggested by us. The same thing was asked for at the close of the plaintiff's evidence, but it was not adopted by the trial court.

Under the circumstances we think no injunction should have been granted, except conditionally, upon defendant's refusal to pay the damages, upon their being established and a deed tendered. The procedure referred to is authorized by Pappenheim v. M. E. R. R. Co., 128 N. Y. 435–444, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486; Lynch v. Met. Railway Co., 129 N. Y. 274, 29 N. E. 315, 15 L. R. A. 287, 26 Am. St. Rep. 523; Peck v. S. Railway Co., 170 N. Y. 298, 63 N. E. 357.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur, except McLENNAN, P. J., who dissents.