(65 Misc. Rep. 70.)

### RAYMOND v. TRANSIT DEVELOPMENT CO.

(Supreme Court, Appellate Division, Second Department.    November 19, 1909.)

1. NUISANCE (§ 35*)—INJUNCTION.

> In a suit to enjoin a nuisance, a prayer for money damages for past injuries will be regarded as incidental to the injunctive relief, and will be considered only when a case of equitable cognizance is established.
>
> [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 94½; Dec. Dig. § 35.*]

2. NUISANCE (§ 23*)—INJUNCTION.

> In a suit to enjoin a nuisance, injunctive relief is not granted as a matter of absolute right, but rests on the conscience and discretion of the court.
>
> [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. § 23.*]

3. NUISANCE (§ 23*)—INJUNCTION—DAMAGES.

> In a suit to enjoin a nuisance, an injunction may be refused, even where damages would follow at law as almost a matter of course.
>
> [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. § 23.*]

4. NUISANCE (§ 23*)—INJUNCTION.

> Where there is a technical nuisance, if plaintiff's damage is small, or only occasional, or easily compensated for in money, and injunctive interference with defendant would work great public mischief and inconvenience, equity will seek to protect plaintiff's right by other means.
>
> [Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 55; Dec. Dig. § 23.*]

5. NUISANCE (§ 32*)—INJUNCTION—PARTIAL DEFENSE.

> In a suit to restrain a nuisance, consisting of defendant's maintenance of an electric power plant in the vicinity of plaintiff's residence, a partial separate defense, alleging that defendant's business was maintained to supply electricity to operate the various trolley and elevated railroads in the borough of Brooklyn, that defendant had complied with all the municipal ordinances, used the best appliances and materials, and exercised great care, and could not carry on its business in any other manner, was not demurrable.
>
> [Ed. Note.—For other cases, see Nuisance, Dec. Dig. § 32.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Suit by Lizzie Raymond against the Transit Development Company. To a special partial defense, plaintiff demurred. From an order overruling said demurrer, plaintiff appeals. Affirmed.

The following is the opinion of Carr, J., at Special Term:

The plaintiff, as the owner and occupant of certain real property in Brooklyn, comes into court seeking injunctive relief in equity against the defendant, on the ground that the defendant so conducts its business as to create a continuing nuisance, which has injured and will injure the plaintiff in the legitimate use of her property. In addition to the prayer for injunctive relief, she asks money damages for past injury; but this part of her claim for relief can be considered by the court simply as incidental to the main purpose of injunctive relief. As to the past injuries, she has an adequate remedy at law. Of course, the court, if it decides that the case is one of equitable cognizance, will dispose of it in its entirety, not only as to possible future injury, but also as to the past damages.

Injunctive relief is never granted as a matter of absolute right, but rests entirely upon the conscience and discretion of a court of equity. An injunction may be refused, even where damages would follow at law as almost a matter of course. The cases where this may happen are no doubt exceptional, but that such is the rule is unquestionable. The plaintiff's claim of nuisance is, briefly stated, that the defendant maintains in her neighborhood a large plant where electrical power is generated, and in the process of such generation burns great quantities of coal, and emits through its chimneys and smokestacks great quantities of smoke, soot, or small cinders, which are carried through the air and deposited on and in the plaintiff's property to her very material damage. The defendant denies the damage to the plaintiff, and pleads affirmatively certain alleged facts as a "separate and partial defense." To this "separate and partial defense" the plaintiff demurs.

These alleged facts, briefly stated, are as follows: The defendant carries on its business for the purpose of supplying electrical power for the operation of the various surface trolley and elevated railroads in the borough of Brooklyn; that it complies with all the municipal ordinances, and uses the best appliances and materials, and exercises great care, and cannot in fact carry on its business in any other manner than it does. These facts are not pleaded as a complete defense, but only as a partial defense, and that in an action where injunctive relief is sought as the prime remedy. If this action were one at law, the facts so pleaded might not constitute even a partial defense. As to that question, however, this court does not now decide. Yet, where the very object of the action is to obtain a form of relief which rests in the conscience of the court, a defendant should be allowed to plead by way of partial defense all the facts which the court should consider on the question of granting or withholding injunctive relief.

Where there is a technical nuisance, if the plaintiff's damage be small, or only occasional, or easily compensated for in money, and injunctive interference with a defendant would work great public mischief or inconvenience, a court of equity will seek to protect a plaintiff's rights by other means than the use of its injunctive process. The instances of such action by courts of equity are multitudinous, and the rule underlying them well recognized. If this court is put in the position where a case is presented whether it will by its injunctive process suspend even temporarily the operation of the street railroads in Brooklyn to vindicate the legal rights of the plaintiff, it will balance the public and private injuries, and seek some other method of relief than injunction.

In this view, the alleged facts pleaded as a partial defense are germane to the controversy between the parties, and necessary to be considered by the court in granting relief to the plaintiff, if she maintains her cause of action. In the technical language of pleading, they are "new matter," and should be pleaded to bring them before the court. To plead them as a "partial defense," neither technically nor substantially infringes upon any right of the plaintiff.

The demurrer will be overruled, with taxable costs.

Argued before WOODWARD, JENKS, BURR, RICH, and MIL-LER, JJ.

Frank M. Hardenbrook, for appellant.

Edward W. Hatch, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of Mr. Justice Carr at Special Term.