ASCHER v. SOUTH SHORE TRACTION CO.

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

1. EMINENT DOMAIN (§ 166*)—PROCEEDINGS.

In a suit by a property owner to enjoin an electric railroad company from trespassing upon his property in constructing its road without having condemned such property, plaintiff cannot be required against his consent to show the damage to his property, and, upon payment thereof, to convey to defendant the right to use it; such manner of acquiring property for public use being contrary to Const. art. 1, § 7, providing that, if private property is taken for public use, the compensation shall be ascertained by a jury, or by commissioners appointed by the court.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 166.*]

2. EMINENT DOMAIN (§ 274*)—GROUNDS OF RELIEF—TRESPASS TO REALTY—PROOF OF DAMAGE.

To enjoin a railroad company from unlawfully trespassing upon plaintiff's land in constructing its road, plaintiff need not affirmatively show damage; the act sought to be enjoined being an unlawful taking of the property.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 274.*]

Appeal from Special Term, Suffolk County.

Action by John J. Ascher against the South Shore Traction Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Arthur Carter Hume, for appellant.

E. Walter Beebe (Herbert S. Brussel, on the brief), for respondent.

BURR, J. Plaintiff is the owner of a tract of land on the southerly side of the Middle Road, or Main street, in the village of Bayport and town of Islip, and also of the southerly one-half of the highway in front of and adjoining said premises. Defendant is a street surface railroad company, and is about to construct and operate a railroad

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

through said street by electric power transmitted through an overhead trolley line. Defendant has acquired the consent of the town and state officials to such construction, and also that of the owners of more than two-thirds of the property in the said town abutting on said street. It has not acquired plaintiff's consent. The judgment enjoins the construction and operation of defendant's road, unless within five months after the entry thereof, by appropriate condemnation proceedings, it acquires plaintiff's right and estate in said highway.

[1] Defendant appeals from said judgment, and, while it concedes that its conduct in constructing its road is a trespass upon plaintiff's property, and that it has a right to acquire by condemnation proceedings the necessary right of way through the same, nevertheless it insists that plaintiff in this action should be required to come in and prove his damage, both rental and fee, in this action, and that the judgment should provide that, upon payment of the amount so fixed, plaintiff should execute and deliver to it a deed, conveying to it the right to use such property. This indirect method of acquiring property for public use is contrary both to the spirit and letter of the Constitution. Const. art. 1, § 7.

We think that no case in this state has directly determined that this may be done against the will of the parties interested. In Henderson v. N. Y. C. R. Co., 78 N. Y. 423, the complaint was framed with a view to such relief. It asked, first, for damages, and then, among other things, that defendant be permitted to use its tracks over plaintiffs' property "only on condition that the plaintiff shall first be paid his damages." The court, in speaking of a judgment in the alternative form here suggested, said it was—

"optional with the defendant to comply with the conditions. The plaintiffs could not require it, but they would be bound by the judgment, and the defendant become, on performing the condition, purchaser of the land with rights not inferior to those obtained by appraisement and payment of damages under the statute."

It might be said in this case that it was optional with plaintiff to comply with the condition or be refused his injunction; but the situations are not analogous. In the Henderson Case defendant was bound to acquire title to plaintiff's rights in the property either by the method prescribed in the Constitution or under the terms of the judgment. It had its choice. But in this case, if the method suggested by defendant is adopted, and plaintiff is unwilling to waive the constitutional method of fixing damages, plaintiff's rights in the highway may never be acquired, and his only remaining remedy against defendant's unlawful acts would be an action for damages for repeated trespasses, which might be most inadequate. Certainly plaintiff is not given his choice as to the methods of determining the value of his property rights before parting with the same, as defendant was in the Henderson Case.

In the case of Pappenheim v. M. E. R. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486, the complaint was expressly framed with a view to obtaining relief in this manner, and in so doing plaintiff may be deemed to have waived his right to have the

railroad company acquire his property in the constitutional method. In that case the court said:

"The court does not adjudge that the defendant *shall* pay such sum and that the plaintiff *shall* so convey. It provides that, if the conveyance is made and the money paid, no injunction shall issue. If defendant refuse to pay, the injunction issues."

Of course, if the injunction issues, the road either stops its operation altogether or it proceeds to condemn its right of way. The judgment did not assume to deprive defendant of its constitutional right respecting the method of assessing damages, as the judgment prayed for in this case would deprive the plaintiff.

So in Duncan v. Nassau Electric Railroad Co., 127 App. Div. 252, 111 N. Y. Supp. 210, and in the various elevated railroad cases, plaintiff invoked the form of alternative relief which the judgment awarded.

The case of Shaw v. Rochester, Syracuse & Eastern Railroad Co., 131 App. Div. 528, 115 N. Y. Supp. 1026, has been cited as an authority in support of defendant's contention. It is not entirely clear, from the statement contained in the opinion in that case, whether the complaint was so framed as to indicate a consent upon plaintiff's part that alternative equitable relief should be granted. It did contain apparently a specific allegation as to pecuniary damage and the amount thereof, and there was a finding as to the amount of such damage, which the court deemed excessive. If it is not the fact, however, that plaintiff so assented, we should hesitate to follow the decision in that case in holding that defendant can compel plaintiff against his will to pursue this method of parting with his property for a public use. In the case at bar the complaint was not so framed, and, although the amended answer contained an allegation that plaintiff had sustained no damage, no evidence was offered by either party respecting the same. The learned court at Special Term had no data upon which to base such a judgment as appellant asks for, if it had desired to render it.

[2] Appellant further contends that plaintiff was bound to affirmatively allege and prove such damage, and we are cited to the case of O'Reilly v. N. Y. Elevated R. Co., 148 N. Y. 347, 42 N. E. 1063, 31 L. R. A. 407, as an authority to the effect that under no circumstances will injunctive relief be granted when no monetary damage resulting from a trespass is shown. In that case plaintiffs had sought to obtain a judgment in the alternative form, which defendant contends should have been awarded here. They had alleged damage both to fee and rental value and had asked that, if "the defendants be permitted to continue the operation of their road through Ninth avenue in front of their premises, it shall be upon condition that they pay for the value of the rights and easements taken." The court found as a fact that the easements taken had no value. It was under such circumstances that the court said:

"Where the *gist of the action* is an actual damage suffered by property, it must be proved as a fact in the case, or else the court is at liberty to disregard the mere technical trespass and to refuse its writ of injunction."

The gist of this action is more than an actual damage suffered by property through interference with an easement appurtenant thereto. It is an unlawful taking of the property itself. We are not prepared to assent to the proposition that a street surface railroad company can, without any authority of law or any misapprehension as to its legal rights in the matter, take possession of the property of another, even though it be property lying in a street or highway, and be permitted to say: We are entitled to acquire your property rights by condemnation, and it is true that the Constitution prescribes how those rights shall be acquired; but we propose to disregard these requirements and compel you to submit to some other method of fixing the value thereof, and then compel you to convey your property to us at a price thus determined. If it does assume such a position, it should not call upon a court of equity to assist it in maintaining the same.

The judgment appealed from should be affirmed, with costs. All concur.