Dominick Miranda and Others, Plaintiffs, v. Buffalo General Electric Company, Defendant.

Supreme Court, Erie County, March 21, 1931.

*Finck & Stearns [G. Raynolds Stearns of counsel], for the plaintiffs.*

*Warren Tubbs, for the defendant.*

Noonan, J. This is an application for an injunction *pendente lite* to restrain the defendant from constructing, maintaining and operating an electric substation upon its premises at Nos. 508 and 510 West avenue, in the city of Buffalo, N. Y. On the return of the order to show cause, counsel for plaintiffs conceded that they had no legal right to interfere with the construction of the building.

The facts are undisputed. The plaintiffs own the adjoining properties to the south and north of defendant's premises, the Mirandas owning No. 506 West avenue, and the Buemes, No. 514 West avenue, and they claim that the maintenance and operation of said substation will work irreparable injury to their properties because of the unavoidable noise arising from the operation of said substation.

The defendant has complied with all legal requirements and has obtained a permit from the city authorities for the erection of such building. There has been no concealment of the character of the building and the zoning board has refused to interfere with the erection of the building, because it is lawful to construct buildings of this character in the locality.

The defendant is furnishing electricity for domestic and manufacturing purposes to thousands of people in the city of Buffalo and the building is undoubtedly very necessary for the proper transaction of its business. It will have all modern improvements for the reduction of noise and will be operated under the latest scientific methods.

Upon the facts herein, it is the duty of the court to balance the public necessity against private injury, if any, and seek some other method of relief than by injunction. (*Raymond* v. *Transit Development Co.*, 65 Misc. 70, 72; affd., 134 App. Div. 981; *People ex rel. Taylor* v. *Walsh*, N. Y. L. J. April 5, 1926.) If the plaintiffs are eventually damaged by the operation of the substation, a court of equity has the power to award them proper damages. (*Henderson* v. *N. Y. Central R. R. Co.*, 78 N. Y. 423; *Westphal* v. *City of New York*, 177 id. 140; *Shaw* v. *Rochester, Syracuse & Eastern R. R. Co.*, 131 App. Div. 528; *Elliott Nursery Co.* v. *Duquesne Light Co.*, 281 Penn. St. 166; *Burke* v. *Hollinger*, 296 id. 510.)

The application for an injunction is denied, with ten dollars costs, and an order may be entered accordingly.