ESPHYR SLOBODKINA, Respondent, v. VILLAGE OF GREAT NECK, Appellant.— In an action to restrain the operation of defendant's sewage disposal plant in such a manner as to cause obnoxious odors to emanate therefrom, interfering with plaintiff's use and enjoyment of her property, and for damages, defendant appeals from a judgment directing that it correct the offensive condition or in the alternative, if such correction cannot be effected, that it cease and desist from the operation of the equipment or appurtenance creating that condition. Judgment reversed on the law, without costs, and a new trial ordered, for the limited purpose of determining whether or not the offensive condition can be corrected without undue hardship to defendant, and if so by what means and in what time, and the amount of plaintiff's permanent damages by reason of the offensive condition of defendant's plant. Upon the record presented, the trial court was justified in finding that obnoxious odors, constituting a nuisance, emanated from defendant's sewage disposal plant. (Cf. Gerow v. Village of Liberty, 106 App. Div. 357, and 18 McQuillin on Municipal Corporations [3d ed.], § 53.131.) That finding is affirmed. It is not clear from the record, however, whether the offensive condition can be corrected without

undue hardship to defendant, and it is possible that the judgment appealed from may require the eventual shutdown of defendant's entire disposal plant. In this state of the record, and on consideration of the important public purpose served by the operation of the plant, we believe it was error to direct defendant to cease the operations creating the offensive odors if the condition could not be corrected. Upon the new trial evidence should be adduced on the questions of the feasibility of eliminating the noxious odors and the permanent damages, if any, sustained by the plaintiff. If it shall appear that the objectionable condition can be corrected, without undue hardship to defendant, the Special Term should determine the means by which the correction should be made, and the reasonable time required for such correction, and enter judgment against defendant accordingly. If, on the other hand, it shall appear that the objectionable condition cannot be remedied, without undue hardship to defendant, the Special Term should determine plaintiff's permanent damages by reason thereof, and enter a judgment providing that an injunction issue against defendant, unless, within a reasonable time, to be fixed by the Special Term, defendant pay or tender to plaintiff the amount of the damages so fixed by the court. (Cf. *Harrisonville* v. *Dickey Clay Co.*, 289 U. S. 334; *Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22, 29–30; *Ferguson* v. *Village of Hamburg*, 272 N. Y. 234; *Squaw Island Frgt. Term. Co.* v. *City of Buffalo*, 273 N. Y. 119, 130, and *Haber* v. *Paramount Ice Corp.*, 239 App. Div. 324, affd. 264 N. Y. 98.) Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur. Settle order on notice.