■ SUSANNE C. OLIN et al., on Behalf of Themselves and All Other Residents, Property Owners, and Electors in and of the Town of North Hempstead, Similarly Situated, Appellants, v. TOWN OF NORTH HEMPSTEAD et al., Respondents.— In an action to enjoin the construction of an incinerator, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered November 16, 1959, which grants defendants' motion to dismiss the amended complaint pursuant to rules 106 and 113 of the Rules of Civil Practice. Order modified by striking out its ordering paragraph and by substituting therefor a provision granting defendants' motion to the extent of dismissing the amended complaint pursuant to rule 106 of the Rules of Civil Practice on the ground that it appears on its face that it does not state facts sufficient to constitute a cause of action; such dismissal, however, being with leave to the plaintiffs, if so advised, to serve a second amended complaint within 20 days after the entry of the order hereon. As so modified, the order is affirmed, with one bill of $10 costs and disbursements to the defendants. The present complaint attempts to plead nine causes of action, seven of which appear to be asserted by the plaintiffs as taxpayers of the Town of North Hempstead pursuant to section 51 of the General Municipal Law; and two of which appear to be asserted in support of the rights of the plaintiffs individually and the rights of other unnamed persons "in the immediate vicinity of the incinerator." As pleaded, the latter two causes of action rest on the assertion, made on information and belief, that "due to the topographical and atmospheric conditions prevailing at the proposed construction site," the operation of the incinerator will necessarily discharge "great quantities of fly ash, smoke, dirt and cinders," will fill the air with noxious odors, and will otherwise render plaintiffs' property unsafe and unfit for habitation. The other causes of action, as pleaded, are equally vague and indefinite, alleging for the most part the conclusions of the pleader. In the eighth cause of action, for instance, it is alleged that upon a public referendum conducted by defendants for the approval of the proposition to issue bonds to finance the construction of the incinerator, defendants disseminated false and misleading information as to the essential facts. Neither the statements alleged to have been made by the defendants, nor the substance of them, is pleaded. Nor is it alleged that any one was misled by them or that the result of the election was in any way affected. It is, nevertheless, alleged that consequently the referendum was null and void.

Insofar as the causes of action sought to be alleged by plaintiffs as taxpayers are concerned, plaintiffs are required to allege facts which will, if proved, establish that the acts complained of are illegal and, in addition thereto, that such acts or threatened acts will result in waste or injury to public property, or that they are such as to imperil the public interests or calculated to work public injury or produce public mischief (*Altschul* v. *Ludwig*, 216 N. Y. 459). With respect to all of the causes of action sought to be asserted, plaintiffs are required to set forth a plain and concise statement of the material facts on which they rely (Civ. Prac. Act, § 241). That requirement is not satisfied by conclusory statements. A complaint which, fairly construed, fails to allege any facts which constitute a wrong but only general conclusions, is entirely insufficient (*Gerdes* v. *Reynolds*, 281 N. Y. 180, 183, 184; *Kalmanash* v. *Smith*, 291 N. Y. 142, 153, 154; *Al Raschid* v. *News Syndicate Co.*, 265 N. Y. 1, 4, 5; *Powers* v. *Murray*, 6 A D 2d 828). If a second amended complaint be served, it should allege the facts on which plaintiffs rely in support of their conclusions that the acts or threatened acts of the defendants are illegal and will result in waste or other public injury or mischief, and that the operation of the incinerator will necessarily constitute a nuisance. Nolan, P. J., Pette and Brennan, JJ., concur; Beldock, J., dissents and votes to reverse the order and to deny the motion to dismiss, both under rule 106 and rule 113 of the Rules of Civil Practice with the following memorandum: Defendants propose to construct the incinerator upon 52 acres of land lying under water in Hempstead Harbor. Defendants claim ownership of the said land by reason of grants contained in "the Kieft Patent" issued by the Governor General of New Netherlands in 1666, and "the Dongan Patent" issued by the Governor General of New York in 1685. The record presents, *inter alia*, issues of fact with respect to the following matters: (1) whether the afore-mentioned 52 acres are owned by the town and whether they are within lands granted by the Kieft and Dongan Patents which, in and of themselves, are insufficient of their indefiniteness to resolve such issues (*Town of North Hempstead* v. *Oelsner*, 148 App. Div. 779, affd. 208 N. Y. 626). (2) Whether the site proposed in the resolutions is identifiable. It is not disputed that the defendants' official resolutions contained an inaccurate description of the proposed site. In the absence of identifiability of the proposed site, the resolutions may be held ineffective (13 McQuillin, Municipal Corporations [3d ed.], § 37.81, p. 292). (3) Whether defendants intentionally disseminated misleading information regarding ownership and location of the proposed site. (4) Whether the proposed project will necessarily create a nuisance (6 McQuillin, Municipal Corporation [3d ed.], § 24.61, p. 577). Defendants are not immune from responsibility for creating a nuisance (*Noonan* v. *City of Albany*, 79 N. Y. 470; 6 McQuillin, Municipal Corporations [3d ed.], § 24.62; cf. *Slobodkina* v. *Village of Great Neck*, 285 App. Div. 908). Since there are some valid causes of action pleaded, the motion to dismiss the complaint and for summary judgment should have been denied (*Imperatrice* v. *Imperatrice*, 298 N. Y. 549). Christ, J., not voting.