█ COPLIN YARAS, Appellant, v. LEVISON BROS. REALTY CORPORATION, Respondent.— *Per Curiam.* Appeal (1) from an order of the Supreme Court

at Special Term, entered July 9, 1969 in Albany County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action and denied plaintiff's application for leave to plead again, and (2) from the judgment entered thereon. This action is to recover a real estate broker's commission. In substance, plaintiff's complaint alleges: that in 1957 and 1958 defendant corporation was the owner of a certain parcel of realty in the City of Albany; that in September of 1957 it employed plaintiff to procure a purchaser for same and agreed to pay for such services certain percentages of the purchase price; that, with defendant's approval, plaintiff negotiated with the National Commercial Bank & Trust Company regarding the sale of the property; that, except for a lapse of time as directed by defendant, negotiations continued until about March 31, 1958; that negotiations resulted in an oral agreement whereby the bank agreed to purchase said parcel but it thereafter withdrew from negotiations; that on and after March 31, 1958 defendant instructed plaintiff not to negotiate further with the bank and defendant's treasurer and director promised that he would not negotiate with said bank except through plaintiff; that in 1969 defendant conveyed the property to the bank for $300,000, the sale having been negotiated by said former treasurer, who in the meantime had become defendant's president and sole stockholder; and that, according to said percentages, defendant is indebted to plaintiff for $5,500. Where the duration of a broker's agency is not fixed by the agreement of employment and where negotiations with a prospective buyer procured by a broker are pending and approaching success, but no bargain has been made, the principal may revoke the broker's authority if the former acts in good faith, not seeking to escape the payment of commissions but moved fairly by a view of his own interest, and the latter may not thereafter claim compensation for a sale made by the principal, even though it be to a customer with whom the broker unsuccessfully negotiated and even though to some extent the seller might be said to have availed himself of the fruits of the broker's labor (*Saum* v. *Capital Realty Development Corp.*, 268 N. Y. 335, 342; *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 384–385, 387; *Williams & Co.* v. *Tuttle & Co.*, 6 A D 2d 302, 310; 6 N. Y. Jur., Brokers, § 20). On the other hand, if in such a situation, the owner terminates the employment agreement with the broker in bad faith and as a mere device to escape the payment of the broker's commissions, the broker would be entitled to recover (*Douglas Real Estate Management Corp.* v. *Montgomery Ward & Co.*, 4 N Y 2d 33, 37–38), but, here, there is no allegation of bad faith on the part of defendant nor any allegations from which same can be inferred, it being unreasonable to infer bad faith in avoiding payment of commissions in connection with a sale eleven years after termination of authority. Neither in his complaint nor in his affidavit in opposition did appellant allege or even suggest that respondent terminated his authority in order to avoid paying him commissions, this being the only theory under which appellant could recover. Where a broker has procured a buyer ready, willing and able to accept the terms offered by the principal, the principal may not arbitrarily or capriciously terminate the broker's authority without incurring liability for commissions, as no one can avail himself of the nonperformance of a condition precedent, who has himself occasioned its nonperformance (*Sibbald* v. *Bethlehem Iron Co., supra*, pp. 383–384), but nowhere is it alleged that plaintiff succeeded in bringing the parties together as to price and on mutually acceptable terms and conditions of sale (*Bereswill* v. *Yablon*, 6 N Y 2d 301, 306). Indeed, paragraph "THIRTEENTH" of the complaint, as well as the letter from the bank attached to plaintiff's affidavit, demonstrate that plaintiff's negotiations were unsuccessful and that the bank was not a ready, willing and able purchaser when defendant terminated plain-

tiff's authority. Order and judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum *Per Curiam.*