■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE WESSELL, on Behalf of CHRISTINE WESSELL, Appellant, v. NEW YORK FOUNDLING HOSPITAL et al., Respondents.— Judgment (designated order) entered May 23, 1969, dismissing the petition for a writ of habeas corpus on behalf of the appellant mother, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and the proceeding remanded to Special Term for further hearings before the Justice who presided at the trial of this cause. It is asserted in the brief and not denied that the mother is about to be married and her fiancee is willing to adopt the child after the ceremony. Such purported subsequent events bearing as they do on the welfare of the child are a proper subject of inquiry. Since they must of necessity occur after the trial and determination herein, they furnish the reason for the remand and the hearing is accordingly restricted to any changed circumstances with respect to the situation of the appellant, particularly her marital status. A mother's right to custody may be restored upon proof that the best interests of the child dictate her return to her parent as one fit, competent and able to support, educate and care for her. (*Matter of Roe* v. *New York Foundling Hosp.,* 33 A D 2d 83, app. dsmd. 27 N Y 2d 533; *People ex rel. Hinckley* v. *Hinckley,* 31 A D 2d 740.) Concur — Capozzoli, J. P., McGivern, Nunez, McNally and Tilzer, JJ.

■ ST. GEORGE'S SYRIAN CATHOLIC CHURCH, Respondent-Appellant, v. EISENSTEIN ASSOCIATES, INC., et al., Defendants, and HEYWARD-ROBINSON COMPANY, INC., et al., Appellants-Respondents.— Judgment entered September 8, 1969, unanimously modified on the law and on the facts, to strike the award of $75,000 consequential damages against Heyward-Robinson Company, Inc., and to enjoin Trinity Garage, Inc., from operating the garage elevators in their premises adjacent to plaintiff's property commencing 60 days from entry of the order herein and continuing until the sum of $75,000 is paid to the plaintiff. The judgment is otherwise affirmed, wtihout costs and without disbursements. Permanent damages may only be awarded in lieu of the permanent injunction to which a plaintiff is entitled. (*Boomer* v. *Atlantic Cement Co.,* 26 N Y 2d 219; *Haber* v. *Paramount Ice Corp.,* 239 App. Div. 324, 328, affd. 264 N. Y. 98; *Slobodkina* v. *Village of Great Neck,* 285 App. Div. 908, 909.) Trinity as owner and operator of the offending garage is in sole control. It has the sole power to discontinue the nuisance. Trinity will be the sole beneficiary of the continued use of its garage. Under these circumstances it was error for Trial Term to have cast Heyward, the general contractor who built the garage, in consequential damages. Upon this record, a permanent injunction against Trinity was warranted. But under the circumstances, the continuance of the permanent injunction should be conditioned upon payment of the $75,000 as permanent damages. Concur — Stevens, P. J., Eager, McGivern and Nunez, JJ.