### (March 21, 1974)

BANDIKE ASSOCIATES, INC., Respondent, v. B. B. M. REALTY CORP., Appellant, and HOWARD JOHNSON MOTOR LODGES, INC., et al., Defendants.— Appeal from a judgment of the Supreme Court in favor of plaintiff, entered May 18, 1973 in Sullivan County, upon a decision of the court at a Trial Term, without a jury. Involved here is a triangular parcel of 211.3 square feet located in the northwest corner of plaintiff's real property where it abuts premises of defendant B. B. M. Realty Corp., said parcel extending 61.96 feet along plaintiff's northerly boundary and being 7.33 feet in width at its widest point measured along plaintiff's westerly boundary. Plaintiff demanded judgment that possession thereof be delivered to it and that defendant B. B. M. be directed to remove a retaining wall and all materials placed thereon. Adverse possession as an

affirmative defense was asserted in said defendant's answer. The trial court, holding that plaintiff was seized in fee of the disputed gore, that B. B. M. failed to establish title by adverse possession, that said defendant's trespass was not intentional or willful and that it would be inequitable to require it to remove the retaining wall, awarded judgment requiring B. B. M. to pay $5,000 for permanent damages within 60 days and, upon failure to make such payment, that said defendant be permanently enjoined from possessing any part of said triangular parcel and that it remove therefrom the wall and materials aforesaid. B. B. M., relying for title on adverse possession (see *Belotti* v. *Bickhardt*, 228 N. Y. 296, 302), offered proof that it purchased the property in 1949 when there was a chicken wire fence on the property of plaintiff's predecessor about a foot or so from where the retaining wall was erected; that in 1949 and 1950 it caused a bulldozer to push dirt onto the piece in question and then erected thereon a pole shed, approximately 70 feet long by 30 feet wide by 20 feet high, the southerly edge of which was six inches or a foot from the wall's present location; that the old fence was taken down and a chain link fence was put up; that the pole building and chain link fence were removed in 1963 or 1964 and a motor lodge was erected on premises of B. B. M.; and that at said time the retaining wall was put in position so as to encroach on the triangular parcel. On the other hand, one of plaintiff's officers testified that he had known the property for 35 years and that there was no fence there prior to the construction of the motel in 1964. Another witness related that at the southerly end of the B. B. M. parcel was a four to six foot drop to plaintiff's parcel and, in constructing the retaining wall, two feet were added to it. Plaintiff also urges that the pole building was not shown on a 1955 State map and that the contour of the land was such as to make it incredible that someone would build such a structure that close to the line. The credibility of witnesses, as well as the truthfulness and accuracy of the testimony, were issues for the trier of the facts, who normally can pass on such matters with greater safety than appellate courts (*Barnet* v. *Cannizzaro*, 3 A D 2d 745, 747). On this record, this court would not be justified in disturbing, as being against the weight of the evidence, the decision that " defendant did not show by a fair preponderance of evidence that it adversely possessed the disputed parcel openly, hostilely or continuously for the statutory period." By commencing the action for equitable relief, plaintiff submitted itself to the jurisdiction of a court of equity and, when such jurisdiction is once obtained, it is retained for all purposes and the court may do complete justice between the parties and order such relief as will bring an end to the litgation (*Horton* v. *Niagara, Lockport & Ontario Power Co.*, 231 App. Div. 386, 396). The trial court's approach in resolving the situation finds ample support in the general rule that where an aggrieved party shows that he is entitled to equitable relief, but the granting thereof appears to be impossible or impracticable, the court may award damages in lieu of the desired equitable remedy (*Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439, 443; *Crocker* v. *Manhattan Life Ins. Co.*, 61 App. Div. 226, 230; 20 N. Y. Jur., Equity, § 42). Furthermore, section 871 of the Real Property Actions and Proceedings Law, which authorizes the maintenance of an action for an injunction directing removal of a structure on an owner's land, provides that nothing therein shall be construed as limiting the court's power to award damages in an appropriate case in lieu of an injunction or to render such other judgment as the facts may justify. The difficulty here is that the amount of the damages awarded has no basis in the record and the action should be remitted to Trial Term for proof as to and for an assessment of damages, the measure thereof being the difference between the value of plaintiff's property

with and without the encroachment (*Lawrence* v. *Mullen*, 40 A D 2d 871; *Haber* v. *Paramount Ice Corp.*, 239 App. Div. 324, 328, affd. 264 N. Y. 98). Judgment modified, on the law and the facts, by reversing so much thereof as awarded damages to plaintiff in the amount of $5,000 and a new trial ordered limited to the issue of damages, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Cook, Kane and Main, JJ., concur.