■ BETTY J. O'CONNELL, Doing Business as O'CONNELL REALTY, Respondent, v JOSEPH RAO, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered July 25, 1978 in Albany County, upon a decision of the court at a Trial Term, without a jury. Plaintiff, a real estate broker, has been successful in her action against defendant for a commission arising out of the sale of defendant's premises to third parties. On this

appeal defendant contends (1) that he never employed plaintiff to sell his property; (2) that plaintiff did not render sufficient services to entitle her to a commission; and (3) that the trial court erred in failing to exclude certain testimony purportedly outside the scope of the pleadings. In our view there must be an affirmance. There is a sharp dispute on every material issue. The trial court, as trier of the facts, has resolved conflicting factual questions in favor of the plaintiff, and since these determinations are supported by the record, we should affirm *(Bandike Assoc. v B. B. M. Realty Corp.,* 44 AD2d 622). It is plaintiff's contention that her real estate agency was authorized by defendant to sell certain premises owned by him in the Town of Sand Lake, Rensselaer County, for the standard 10% commission, at a negotiable price of $70,000, but in no event less than $55,000. One of her salespersons took prospective purchasers named Albers to defendant's premises early in July of 1973 and informed them that the purchase price was $55,000. Early in August, defendant advised plaintiff that he was going to Arizona for a few weeks and he was taking the property off the market until his return. Upon his return on September 1, he contacted the Albers directly and approximately two weeks later sold the premises to them for the sum of $55,000. Plaintiff first learned of this sale from the Albers in September after the closing. The trial court awarded plaintiff $4,500 with appropriate interest, that being the sum demanded in the complaint, after finding the existence of an oral contract of employment and, implicitly, a termination of that employment by defendant in bad faith to avoid the payment of commission. While the record does not demonstrate that the plaintiff brought the parties to this sale together with respect to all the terms that would be required to entitle her to a commission *(Bereswill v Yablon,* 6 NY2d 301; *Sibbald v Bethlehem Iron Co.,* 83 NY 378), it does support the conclusion that such efforts to arrange acceptable terms were frustrated by defendant's unilateral termination of the employment contract. A seller does, of course, have this right, and ordinarily the broker would not be entitled to a commission on a sale negotiated after the termination of the employment even though it is to a buyer with whom the broker unsuccessfully negotiated. However, a broker is entitled to recover when the seller terminates the employment in bad faith in order to avoid paying the commission, the theory being "that no one can avail himself of the non-performance of a condition precedent, who has himself occasioned its non-performance" *(Sibbald v Bethlehem Iron Co., supra,* p 384). Defendant's prior listing of his property with another broker, the possession of a key to the premises by plaintiff together with defendant's business card indicating his phone number in Arizona in his own handwriting, all point to an employment contract. The abrupt termination of the listing, the brief trip to Arizona, the direct contact with the purchasers by defendant upon his return a few weeks later followed by a closing on September 25, 1973, are facts from which bad faith can reasonably be inferred (see *Yaras v Levison Bros. Realty Corp.,* 33 AD2d 831). As to the evidentiary issue raised by defendant, we find that the Trial Judge possessed and properly exercised the necessary discretion to permit an amendment of the pleadings to conform to the evidence adduced at trial (CPLR 3025, subd [c]). Judgment affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.