■ SIDNEY ROBERTS et al., Appellants, v H. GIN REALTY CORP. et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County (David B. Saxe, J.), entered June 12, 1991, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motion denied, with costs.

In this action to recover a real estate broker's commission, there are questions of fact presented as to the financial ability of the prospective buyer, Strategic Economics, to complete the transaction and the seller's lack of bad faith in withdrawing the property from the market shortly after the purchase terms were agreed to. Indeed, there is some question as to whether plaintiff should be required to demonstrate the prospective buyer's financial ability to close, where it was the

seller who refused to perform without invoking such financial inability grounds at the time of its refusal *(see, Rosenblatt v Bergen,* 237 NY 88, 91-92).

It is a familiar principle that one who frustrates the other party's fulfillment of a condition precedent by unilateral termination cannot avail himself of that condition precedent as a defense *(O'Connell v Rao,* 70 AD2d 982). Such principle resonates here given that, as the court below recognized, the buyer's financial ability concerns the completion of the purchase and, thus, is to be measured as of the closing date, here scheduled for seven months after the oral agreement. Clearly any effort to syndicate the purchase was thwarted by defendants' withdrawal of the property from the market.

As to the essential terms of the agreement, plaintiffs' assertions clearly spell out an agreement on price, the amount of cash required and the amount of the purchase money mortgage. That the closing date was agreed to be January, 1986, without naming a specific day, and the type of title or deed was not specified would not necessarily preclude a jury from finding that all essential terms were agreed upon. Here, there was more than a mere agreement as to price. *(Cf., Kaelin v Warner,* 27 NY2d 352.) Concur—Ellerin, J. P., Kupferman, Ross, Asch and Kassal, JJ.