■ SHERWOOD DI STEFANO, Respondent, v ROSETTI-FALVEY REAL ESTATE, INC., et al., Appellants. [704 NYS2d 344] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered March 8, 1999 in Albany County, which, *inter alia*, denied defendants' motion to partially dismiss the complaint for failure to state a cause of action.

Plaintiff was employed as a real estate agent for defendant Rosetti-Falvey Real Estate, Inc. (hereinafter defendant) from 1989 until September 1997. On March 16, 1994, while acting as agent for defendant, plaintiff entered into a listing agreement with defendant Richard Rosetti, Sr. (hereinafter Rosetti) under which plaintiff was given the exclusive right to lease, sell or exchange Rosetti's property at 1021 Watervliet Shaker Road in the Town of Colonie, Albany County, for a two-year period. The agreement further provided that if, within six months after the expiration of the agreement, the property was sold, leased or otherwise exchanged to a party to whom the property was shown, exhibited or offered during the agreement, the commission would be paid to the broker listed.

In December 1995, plaintiff received a letter from Marc Goldstein, vice-president of Robert Cohn Associates, Inc., advising him that Empire Corporate FCU (hereinafter Empire) was looking to sell, lease or exchange property it owned at 2 Wall Street in Colonie and, in return, lease new or existing space in an office building of 25,000 to 30,000 square feet in the Latham/Colonie area. Plaintiff informed Goldstein that Rosetti owned a vacant commercial site at 1021 Watervliet Shaker Road but that Rosetti was not interested in pursuing Goldstein's offer. Thereafter, sometime in 1996, Goldstein encountered Rosetti at a private function where Rosetti allegedly expressed an interest in putting something together concerning Empire's Wall Street property and his Watervliet Shaker Road property. According to Goldstein, Rosetti told him to deal directly with him in working out the details of the transaction and not plaintiff.

In October 1996, Christopher Falvey, a principal of defendant, became the listing agent for the Watervliet Shaker Road property. While represented by Falvey, Rosetti leased space in a commercial office building which had been newly constructed upon his Watervliet Shaker Road property to Empire for a period of 10 years at an annual rent of $610,000. Empire, in turn, sold its Wall Street property, now owned by the Rosetti Family Irrevocable Trust III, for the sum of $3.7 million.

In August 1998, plaintiff commenced this action against defendants seeking to recover real estate commissions. As a first cause of action, plaintiff alleged that Rosetti breached the listing agreement by dealing directly with Empire and intentionally allowing the agreement to expire to avoid paying a real estate commission to plaintiff in connection with the lease of the Watervliet Shaker Road property. Defendants moved to dismiss this cause of action for failure to state a cause of action and plaintiff cross-moved for, *inter alia*, a default judgment on his second and third causes of action. Supreme Court, *inter alia*, denied defendants' motion resulting in this appeal.

Initially, we note that when considering a motion to dismiss pursuant to CPLR 3211, the court must afford the pleading a liberal construction giving the plaintiff every favorable inference to determine " 'whether the facts as alleged fit within any cognizable legal theory' " (*Rickson v Town of Schuyler Falls*, 263 AD2d 863, 864, quoting *Leon v Martinez*, 84 NY2d 83, 87-88). The inquiry " 'is whether the proponent of the pleading [actually] has a cause of action, not whether he has [properly] stated one' " (*Kaufman v International Bus. Machs. Corp.*, 97 AD2d 925, 926, *affd* 61 NY2d 930, quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275; *see, Henderson v United Parcel Serv.*, 252 AD2d 865, 866). Based upon our review of the record herein, we do not find that Supreme Court abused its discretion in denying the motion to dismiss.

While as a general rule a broker must be the procuring cause of the sale in order to be entitled to a commission (*see, Hagedorn v Elwyn*, 229 AD2d 654, 655-656), there is an exception "where the owner terminates his or her activities in bad faith and as a mere device to escape the payment of the commission" (*Werner v Katal Country Club*, 234 AD2d 659, 662; *see, O'Connell v Rao*, 70 AD2d 982, 983, *lv denied* 48 NY2d 609). Here, plaintiff alleges that Rosetti engaged in dealings with Goldstein which frustrated his efforts to bring about a suitable transaction for leasing the Watervliet Shaker Road property to Empire. He further asserts that Rosetti waited until the

exclusive listing agreement expired before leasing the property to Empire in order to avoid paying the commission. Affording plaintiff's allegations a liberal construction as we do in a motion to dismiss pursuant to CPLR 3211, they establish that plaintiff may have a cause of action against Rosetti for breach of the listing agreement. Therefore, we find no reason to disturb Supreme Court's order. Under the particular circumstances herein, we decline to consider whether plaintiff is entitled to summary judgment. We have considered the parties' remaining contentions and find them to be without merit.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.