GARRETT S. BRAISTED, Respondent, v. BROOKLYN AND ROCKAWAY BEACH RAILROAD COMPANY, Appellant, Impleaded with RALPH G. PACKARD and JOSIAH S. PACKARD.

*Contempt — personal inspection by a referee — its effect on an appeal — liability of a party enjoined, for the act of an independent contractor.*

On appeal from an order confirming the report of a referee adjudging the defendant guilty of a contempt of court, in the violation of an injunction order forbidding him to trespass on the plaintiff's land, the Appellate Division cannot determine that the evidence does not establish such violation, where it appears that the referee, with the consent of both parties, made a personal inspection of the premises.

A railroad company which employs an independent contractor to fill in lands in the rear of its bulkhead with material dredged from in front thereof, is responsible for the act of the contractor in permitting the dredged material to fall upon the land of an adjacent owner, where the contract imposes no obligation upon the contractor to construct a retaining wall or similar structure to prevent such an invasion.

APPEAL by the defendant, the Brooklyn and Rockaway Beach Railroad Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of March, 1897, confirming the report of a referee and adjudging the said defendant guilty of contempt of court for disobeying an injunction order dated the 8th day of August, 1896, and imposing a fine of $1,000 for the violation of the said order.

*Isaac M. Kapper*, for the appellant.

*Albert A. Wray*, for the respondent.

CULLEN, J.:

The plaintiff and the appellant are the owners of adjacent tracts of land fronting upon Jamaica Bay. The appellant erected a bulkhead in front of its upland, and entered into a contract with the defendant Packard for dredging the bay in front of the bulkhead and for filling in the land in rear of the bulkhead with the material taken from the bay. The plaintiff brought this action, complaining that, by the operations of the defendants, the beach in front of his land was covered with refuse matter and mud, and praying for an injunction. After a hearing an order was made by the Special Term

continuing an injunction previously granted, by which the defendants were enjoined from depositing any mud or refuse matter or causing or permitting any deposit to be made upon the plaintiff's beach and land under water. On the granting of the injunction the work of dredging and filling was temporarily suspended, but it was subsequently recommenced. Thereupon an application was made to punish the defendants for contempt. The affidavits on behalf of the parties were conflicting, and the matter was referred to a referee to take testimony and to report the same, with his opinion thereon, to the court. He reported that the injunction had been violated, the Special Term confirmed the report and imposed upon the appellant a fine covering the expenses of the proceeding, together with a sum somewhat less than $200 in addition thereto.

The learned counsel for the appellant contends that the evidence does not show that there was any violation of the injunction. He admits that the work of dredging and filling was renewed, but asserts that it was carried on in such a manner as not to cast any mud or offensive materials on the plaintiff's land. By the record before us it appears that the referee, on the consent of both parties, made a personal inspection of their premises. As his report is the result of such inspection, as well as of the testimony taken by him, it is impossible for us to review his determination founded on his personal observation.

It is further contended for the appellant that the defendants Packard are independent contractors, and that for any injury they may do to the plaintiff in the prosecution of the work the appellant cannot be held liable. If the injury to the plaintiff proceeded from the manner in which the work was being done, as distinguished from the doing of the work itself, this claim would undoubtedly be well founded ; but the trouble with the appellant's claim is this : All that the Packards have contracted to do is to dredge in front of the bulkhead and deposit the material in rear of it. The contractors are, under the contract, under no obligation to secure the material which they deposit from falling off on the adjacent land. The reason that plaintiff's beach is invaded by refuse and mud, if such be the case, as we must assume, is because on the division line between the lands under water belonging to the appellant and those belonging to the plaintiff, the crib work and sheet piling is not constructed sufficiently

tight to prevent matter falling through it. This structure is solely the work of the appellant, and for it the contractors are in nowise responsible. Soft filling, mud, sand or similar material will not stand vertically; and he who employs even an independent contractor to deposit such filling on his land must see to it that something in the nature of a retaining wall, crib work or similar structure, is made to prevent the material sliding down on his neighbor's land. If he fails so to do, he is as much a trespasser as the contractor, for it is the thing contracted to be done which produces the injury. Though the evidence is slight, there is enough in the case to show that the renewal of the work was made with the assent and approval of the plaintiff's agent, Palmer, who was in charge of the matter.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurred, except GOODRICH, P. J., not sitting.

Order affirmed, with ten dollars costs and disbursements.