ISIDOR HABER, Appellant, *v.* PARAMOUNT ICE CORPORATION, Respondent.

(Argued March 9, 1934; decided March 20, 1934.)

*Isidor E. Schlesinger, Robert E. Tinsley* and *David Masnick* for appellant. The parties having stipulated that the trial court visit the premises of both plaintiff and defendant in order to ascertain the conditions, are bound by the findings of the trial court based upon such personal inspection, in the absence of any showing of fraud or misconduct. (*Braisted* v. *Brooklyn & R. B. R. R. Co.,* 46 App. Div. 204; *Weiant* v. *Rockland,* 61 App. Div. 383; *Hentz* v. *City of Mt. Vernon,* 78 App. Div. 515; *Faught* v. *Leith,* 201 Ala. 452; *Whatley* v. *Nesbitt,* 204 Ala. 334; *Brown* v. *Colorado,* 47 Col. 294; *Garvey* v. *L. I. R. R. Co.,* 159 N. Y. 323.)

*Frank W. Holmes* for respondent.

POUND, Ch. J. The appeal from an order granting a new trial after a judgment of reversal is properly in this court. (New York State Const. art. VI, § 7 [2].) The action was to restrain a private nuisance alleged to exist by reason of the operation of an ice plant. If the Appellate Division had made new findings of fact, this court would not be limited to the review of questions of law. The mere reversal of the findings of fact indicates that the Appellate Division decided on conflicting evidence that such findings were not sustained. Instead of rendering final judgment upon the right of the parties, it deemed proper to grant a new trial on the facts. (Const. art. VI, § 8.) This left all questions of fact for the consideration of the trial court on the new trial. We are limited in this case to a review of questions of law (Const. art. VI, § 7), and

must affirm and order judgment absolute against the appellant, unless the point relied on by appellant can be sustained.

Appellant contends that, because the learned trial justice, by consent of parties, viewed the premises and based his decision in part on such inspection the Appellate Division was as matter of law compelled to accept his findings of fact as conclusive. This might be so if the question were as to the existence of a particular fact. (*Gervey* v. *Long Island R. R. Co.*, 159 N. Y. 323.) Thus in *Braisted* v. *Brooklyn & R. B. R. R. Co.* (46 App. Div. 204, 205) CULLEN, J., writing for the court, said: " The learned counsel for the appellant contends that the evidence does not show that there was any violation of the injunction. He admits that the work of dredging and filling was renewed, but asserts that it was carried on in such a manner as not to cast any mud or offensive materials on the plaintiff's land. By the record before us it appears that the referee, on the consent of both parties, made a personal inspection of their premises. As his report is the result of such inspection, as well as of the testimony taken by him, it is impossible for us to review his determination founded on his personal observation."

Here the ultimate question for the decision of the trial court was whether plaintiff was entitled to the equitable remedy of injunction or whether an award of damages would adequately compensate him. The trial judge did not pass on that question. His view of the premises was not, under the circumstances, conclusive on his decision. He found that defendant was maintaining a nuisance and that plaintiff was entitled to an injunction. The Appellate Division by DAVIS, J., indicated clearly that the new trial was granted in order to determine, *first*, whether a nuisance existed and, *secondly*, whether an award of damages would adequately compensate the injured party. (*Forstmann* v. *Joray Holding Co.*, 244 N. Y. 22.)

From the nature of the findings of the trial court, the

Appellate Division was not bound to affirm a judgment for injunctive relief, even though a view of the premises had been had by the trial justice.

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts.

CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.