MARY FUSIK, Appellant, v. GEORGE G. SCHOLL, Respondent.— Order entered July 18, 1935, denying plaintiff's motion to punish defendant for contempt for alleged failure to comply with a judgment directing the defendant to do certain things with respect to a certain mechanical refrigeration apparatus, affirmed, with ten dollars costs and disbursements. The finding that the judgment was complied with concludes the plaintiff, by reason of its being based on a personal inspection by the court. (*Braisted* v. *Brooklyn & R. B. R. R. Co.*, 46 App. Div. 204; *Haber* v. *Paramount Ice Corporation*, 239 id. 324, 326; affd., 264 N. Y. 98; *Gucker* v. *Lewis*, 249 App. Div. 858.) Order entered November 8, 1935, denying plaintiff's motion to renew or reargue the prior motion to punish defendant for contempt of court, affirmed, without costs. No opinion. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

WILLIAM C. GLAHN, Respondent, v. IVOR B. CLARK, Appellant.— In an action to recover damages for breach of contract, order denying defendant's motion (Rules Civ. Prac. rule 106, subd. 5) to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The terms of the writing dated December 13, 1929, signed by appellant, which letter the respondent in his brief asserts is the contract between the parties, determined their rights notwithstanding the allegations of the complaint which purport to construe and even amplify those terms. (*Sonino* v. *Magrini*, 225 App. Div. 536, 539, and cases cited.) As matter of law, the promise of the defendant contained in the writing was gratuitous and without consideration. The detriment claimed to have been suffered by the plaintiff because of his refraining from selling his stock in New York Investors, Inc., before the end of the period mentioned in the writing, does not furnish such consideration. That detriment was not requested by the defendant promisor. (*Allegheny Col.* v. *Nat. Chautauqua Co. Bank*, 246 N. Y. 369, 373; *Wisconsin & Michigan R. Co.* v. *Powers*, 191 U. S. 379, 386.) Defendant's motive in making his promise, based upon his desire that plaintiff should not suffer because of defendant's advice to purchase the stock, likewise does not constitute valid consideration. (*Pershall* v. *Elliott*, 249 N. Y. 183, 188; Williston on Contracts, § 111.) There was no contract. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.

EDWARD HELDER, JULIA HELDER, an Infant over Fourteen Years of Age, by EDWARD R. HELDER, Her Guardian ad Litem, and HARRY HELDER, Respondents, v. IGNATZ WIESEL, Sued as IGNAZ WIESEL, and BENJAMIN WIESEL, Appellants.— In an action to recover for injuries to person and property arising out of a collision between two automobiles, judgment in favor of plaintiffs reversed on the law and a new trial granted, costs to appellants to abide the event. In view of the conflicting claims as to how the collision occurred, it was error to exclude testimony, offered by defendants, as to the nature and extent of the damage to plaintiff Harry Helder's automobile. Davis, Adel and Close, JJ., concur; Hagarty and Johnston, JJ., dissent and vote to affirm.