DOMENICO RUGGIERO, Respondent, v. LOCKSTRIP MANUFACTURING CORPORATION, Appellant.— Action for a permanent injunction restraining the defendant from operating its factory under conditions alleged to constitute a nuisance, and for damages. Judgment granting permanent injunction and denying damages reversed on the law, with costs, and the complaint dismissed, with costs, without prejudice to an action at law to recover damages, if any, suffered by the plaintiff. The evidence does not disclose a condition that justified a court of equity in granting a permanent injunction. There is a doubt whether the condition of which plaintiff complains constitutes a substantial annoyance and whether or not he has sustained substantial damages. In any event, under the circumstances disclosed in the proof, he should be relegated to an action at law to recover such damages, if any, as he has suffered. (*Riedeman* v. *Mt. Morris Electric Light Co.*, 56 App. Div. 23, 27; *Haber* v. *Paramount Ice Corporation*, 239 id. 324; affd., 264 N. Y. 98; *McCarty* v. *Natural Carbonic Gas Co.*, 189 id. 40, 46.) Findings of fact and the conclusion of law are reversed. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur.

LUCY SALVAGIO and JOSEPH SALVAGIO, Appellants, v. ROSE CETRA, Respondent. — Action by a wife to recover damages sustained through the alleged negligence of the defendant, and by her husband to recover for loss of services, etc. Order of the Appellate Term, reversing, on the law, the judgment of the City Court of the City of New York, County of Richmond, and dismissing the complaint, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Davis, Johnston, Adel and Taylor, JJ.

ENRICO SANTORO, Respondent, v. EMMA FRUSCIANTE, Also Known as EMMA SANTORO and EMMA NORDONE, Appellant.— Order of the City Court of Yonkers denying defendant's motion, made on a special appearance, to vacate the service of a summons on the ground of want of jurisdiction where it is conceded that neither the plaintiff nor the defendant resides in the city of Yonkers, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Paragraph (b), subdivision 3, section 2, of the Yonkers City Court Act (Laws of 1930, chap. 852)■ requires that either the plaintiff or the defendant be a resident of the city of Yonkers at the time of the commencement of the action. Here there is no general appearance such as was present in *Battaly* v. *Coffin* (236 App. Div. 807) and *Meyer* v. *Chester View, Incorporated* (250 id. 863). Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.