RED ROBIN STORES, INC., Respondent, *v.* GEORGE ROSE et al., Appellants.

First Department, December 20, 1948.

*Arthur Sheinberg* of counsel (*Milton C. Weisman* and *Adolph Kaufman* with him on the brief; *Weisman, Celler, Quinn, Allan & Spett,* attorneys), for appellants.

*Alfred H. Townley* of counsel (*George E. Netter, Morris A. Marks* and *Helen M. Wolfsohn* with him on the brief; *Geist & Netter,* attorneys), for respondent.

DORE, J. In an action for a declaratory judgment, defendants appeal from an order of Special Term denying their motion to dismiss the complaint pursuant to rule 106 or, in the alternative, to strike certain allegations pursuant to rules 102 and 103 of the Rules of Civil Practice.

Under section 473 of the Civil Practice Act and rules 210 to 214 of the Rules of Civil Practice, plaintiff sues for a judgment declaring illegal and void agreements made by plaintiff and defendant Rose in 1944, under the terms of which the parties engaged in a joint venture.

The complaint alleges that plaintiff, a New York corporation, doing an annual volume of business at retail in excess of $10,000,000 a year, engages in the purchase and sale of ladies

wearing apparel through a chain of retail stores plaintiff maintains and operates. The contracts in question created a joint venture between plaintiff and defendant Rose and his company to last for five years commencing February 1, 1944, and ending January 31, 1949, with an option on the part of Rose or plaintiff to renew for an additional five years if the profits of the joint venture would not be less than $160,000 and they were in excess of that sum. The joint venture was limited to the operation of ladies ready-to-wear retail departments in plaintiff's stores. The words " ladies' ready-to-wear " were expressly limited to " ladies' dresses, coats, and suits, furs, fur coats and no other merchandise." Plaintiff licensed to the joint venture the use of such departments in its stores for such limited purpose, the profits and losses to be shared, two thirds by plaintiff and one third by defendant Rose. The complaint quotes verbatim numerous clauses of the joint venture; e.g., that Rose should be the general executive in full administrative control of merchandising the joint venture, devoting his full time exclusively to its interest; and, quoting the contract, that: "(D) Nothwithstanding anything herein contained all major decisions of policy of the said joint venture and all questions of long term commitments or other matters affecting the joint venture beyond administrative or operational matters, shall only be had and done upon the mutual consent and agreement thereto of the Party of the First Part [Rose] and the chief executive officer of the Party of the Second Part [plaintiff corporation]."

After numerous other quotations, plaintiff then alleges: " *Pursuant to the agreements aforesaid,* defendants obtained control of plaintiff's business in numerous and substantial matters constituting a large and substantial part of plaintiff's business to the exclusion of plaintiff's officers and board of directors and have prevented and refused the plaintiff through its directors, officers, agents and employees, to participate in the operation, management and control of the said business." (Italics ours.)

The complaint then alleges in the broadest and most conclusory terms that the agreements and defendants' acts thereunder are illegal, against public policy, in violation of the statutes of the State of New York; that plaintiff is irreparably injured and has no adequate remedy at law; that the joint venture contract made in 1944, be declared wholly illegal and unenforcible in 1948; that defendants be enjoined from further carrying out the agreements and be directed to turn over to

plaintiff all moneys heretofore paid to them under the joint venture. In short, the complaint alleges (1) making the contracts, (2) defendants' performance, and (3) that the contracts and performance thereunder are illegal.

Plaintiff claims the agreements strip its officers and board of directors of control of plaintiff's business and enable defendants to the exclusion of plaintiff's board of directors to conduct plaintiff's business and create obligations without consent of plaintiff or its board and threaten to continue to do so.

We think the complaint fails to state a cause of action for a declaratory judgment. The contracts in question are annexed to the complaint; accordingly, the rights and duties of the parties must be determined by their terms and not by plaintiff's characterization or construction thereof in its pleading (*Greeff* v. *Equitable Life Assurance Society,* 160 N. Y. 19, 29; *Buffalo Catholic Institute* v. *Bitter,* 87 N. Y. 250; *Bogardus* v. *N. Y. Life Insurance Co.,* 101 N. Y. 328). Where a writing is annexed to and made a part of a pleading, the court must construe it as it is found and not according to the legal effect which the pleader places upon it (*Sonino* v. *Magrini,* 225 App. Div. 536, 539; *Glahn* v. *Clark,* 251 App. Div. 747).

By express allegation and fair inference, plaintiff's charge essentially is that *pursuant to the agreements* defendants obtained control of plaintiff's business and have conducted and are conducting the same illegally to the exclusion of plaintiff's board of directors. Such allegations are obviously conclusions of law merely expressing plaintiff's own construction of the agreements and plaintiff's version of the legality thereof. A motion to dismiss under rule 106 for insufficiency admits all *facts* alleged in the complaint and inferences that may be fairly drawn from such allegations of fact; but it admits none of the legal conclusions averred or any construction put upon the contract by the pleader or the correctness of any inference drawn by the pleader from such conclusions (*Greeff* v. *Equitable Life Assurance Society, supra; Cole* v. *Levy,* 212 App. Div. 84, 91). Denial of such conclusory allegations would raise no issues under the pleadings.

The pleader's characterization of the joint venture as a " partnership " is also purely a legal conclusion and is contrary to the contracts themselves characterizing the agreement as a joint venture. There is nothing inherently illegal in a corporation entering into a joint venture, when such venture does not deviate from the business for which it was organized. Fletcher states the rule regarding corporate joint ventures as

follows: "Whether a corporation may become a technical partner or not, there is no doubt of its capacity to enter into a commercial venture within the general scope of its corporate powers, whereby the profits or losses of the enterprise are to be divided between the corporation and another person or corporation." (6 Fletcher's Cyclopedia Corporations [Perm. ed.], § 2520, p. 247.) The contracts annexed to the complaint do not by their terms give to defendants exclusive control and management of plaintiff's business; and no facts as distinguished from conclusions are alleged to show factually how defendants have actually assumed such control.

In the absence of factual statements requiring a contrary conclusion, legality and not illegality is to be presumed in the making and carrying out of agreements. The complaint does not allege that the contract was not approved by the board of directors when it was made. On the contrary, the contract itself on its face shows that plaintiff corporation caused the contract " to be signed by its *duly authorized* officer and its corporate seal to be hereunto affixed." (Italics ours.) All major decisions of policy and long term commitments of the joint venture are required to be had only with the mutual consent of defendant Rose and plaintiff's chief executive. It is not to be assumed or inferred and it is not alleged that plaintiff's chief executive in performing this or any other term of the contract is required not to consult or that he failed to consult with the corporation's board of directors and failed to carry out major decisions of the board. Similarly, there is no allegation that if the chief executive refuses to carry out the board's policies, the board is deprived of its legal power to remove him and select an officer in his place who will properly conform to the board's decisions on long or short term policies. Plaintiff presumably, therefore, remains in full possession of its share of authority in the joint venture. Nothing is shown factually as to how defendant could or did usurp any authority properly belonging to plaintiff in the joint venture. If defendants are doing anything wrong, a complaint on specific allegations of fact can be filed against them in one of the usual forms of action.

At least in a case such as this for a declaratory judgment the court, if possible, should decide at the threshold of the action when the issue is raised, whether or not to assume jurisdiction. It is manifest that this complaint does not present any real factual controversy within the scope of the action as pleaded. There are no factual allegations as distinguished

from legal conclusions concerning the course of business dealings between the parties in pursuance of the contract or with regard to any controversy between the parties requiring the settlement of their jural relations. The nature of the dispute, if any, is factually not alleged.

On a motion to dismiss in an action for a declaratory judgment the issue is whether the plaintiff presents a proper case for a declaration of rights and legal relations of the parties irrespective of whether the ultimate declaration will be in accord with plaintiff's request or otherwise (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51). While this is so, it should be pointed out that the disposition of this motion is not, as the Special Term held, controlled by *Long Park, Inc.,* v. *Trenton-New Brunswick Theatres Co.* (297 N. Y. 174.) That case was decided on the merits after trial. The contract therein was between the corporation and its own stockholders and provided that the corporation should be managed by one group of stockholders to the exclusion of another. In that case, too, there were ample factual allegations showing a real controversy; viz., that at a meeting of the directors 50% had voted to rescind the contract and 50% contra, and there was a deadlock requiring determination by the court of the serious controversy thus factually raised.

In this case, the issue is presented not after a trial but solely on the complaint for a declaratory judgment and the contract is not between stockholders and their own corporation determining its internal management by a method different from the statutory requirements in the General Corporation Law. While the contract does not determine how plaintiff corporation is to be managed, it does contain commitments by the corporation on future obligations to be performed on its part with the other contracting parties. But that is precisely the effect of every corporate contract to be performed in the future. It would be a novel and highly dangerous doctrine to hold that a corporate contract with a third party to perform an act in the future is to be deemed illegal and to strip the corporation's board of directors of power because the board is without power to repudiate the contract when the corporation is called upon to perform. Especially is this so when the attempted repudiation comes nearly five years after full performance by the other contracting parties. If that were law, no corporate executory contract would ever be safe or enforcible.

For all the reasons stated, we conclude the complaint does not state a cause of action for a declaratory judgment.

But that is not all. Under rule 212 of the Rules of Civil Practice (tit. 25, declaratory judgment) the court in its discretion may decline to pronounce a declaratory judgment if the parties should be left to relief by existing forms of action or for other reasons.

This joint venture was performed by defendants for over four years. It has proved a profitable business venture. Plaintiff sued on the eve of defendants' right of election to renew for another five years. After such full performance by defendants, plaintiff now asks not only that the contracts be declared illegal but that defendants give back to plaintiff all moneys paid them under the agreements! In view of the allegations in the complaint and the relief sought, the inference is hardly doubtful that this action for a declaratory judgment is an effort on plaintiff's part to vest in itself a profitable enterprise to the exclusion of the other joint venturers after they have risked capital, credit, time, energy, experience and skill for over four years in making the venture so valuable that plaintiff now seeks it for its own exclusive benefit and profit.

In *Rockland Light & Power Co.* v. *City of New York* (289 N. Y. 45, 50, *supra*), the Court of Appeals held that a complaint for a declaratory judgment should not be dismissed " where the *facts* alleged show the existence of a controversy concerning ' rights and legal relations ' and where it appears that the *discretionary and extraordinary* powers of the court have been invoked for a sufficient reason." (Italics ours.) This complaint shows on its face that plaintiff is merely asking for a ruling on an abstract question of law without informing the court factually of the nature of a dispute, if one there be, existing between the parties or of how a determination would bear upon the relations between the parties raised by such actual controversy. This is analogous to asking for and procuring from a judge or a lawyer a curbstone opinion on some general proposition of law which he is surprised later to discover is being applied to a specific controversy between contending parties arising from a state of facts which he did not consider and which might have dictated an opposite conclusion. In the *Rockland* case (*supra*, p. 51) the court referred to rule 213 of the Rules of Civil Practice and added that the discretionary and extraordinary power of the court can properly be invoked " only where resort to ordinary actions or proceedings would not afford adequate relief." This complaint wholly fails to show that and, if in some cases a declaration may be made though a remedy is provided by another form of action, that

is only where a genuine controversy is shown factually to exist and the parties cannot determine definitely the nature which the litigation should assume (*Woollard* v. *Schaeffer Stores Co.,* 272 N. Y. 304, 311).

There is nothing unusual in the arrangement set forth in the contracts herein. Many department stores license departments or subdepartments to other corporations on the basis of joint ventures, dividing and sharing profits and expenses and the corporation owning the department store may be committed to the contract for a period of years.

A court would not declare a joint venture between corporations a partnership unless that intention clearly appeared. But even if corporations did undertake to enter into partnership relations, it has been held that where the transactions are executed and performed, corporations will not be permitted to take advantage of their own illegal acts in order to defeat justice (*Luling Oil & Gas Co.* v. *Humble Oil & Refining Co.,* 144 Tex. 475). Similarly, it has been held that though a corporation has no implied power to form a partnership with an individual, nevertheless if the partnership contract was fully executed, the individual cannot set up legal invalidity of such contract (*Tatum* v. *Acadian Production Corporation of Louisiana,* 35 F. Supp. 40).

This disposition of the motion makes academic defendants' motion to strike out conclusory and other allegations.

The order appealed from should be reversed, with costs and disbursements to appellants, and defendants' motion for judgment dismissing the complaint should be granted.

PECK, P. J., and VAN VOORHIS, J., concur; GLENNON and COHN, JJ., dissent and vote to affirm.

Order reversed, with $20 costs and disbursements to the appellant and the motion granted.