Dore, J.
(dissenting). In this case the claimed contract annexed to the complaint is a letter from plaintiff to defendant ordering a certain quantity and quality of specified merchandise and requesting defendant to arrange for inspection certificates to assure correctness in quantity and quality and requiring that said certificates be presented with the invoices and bill of lading. At the bottom of the letter defendant stated “We * * * accept this order, subject to our arranging all the above phases of this transaction.” Special Term held that the triers of the fact might determine that it was a binding acceptance, although the language was ambiguous and denied defendant’s motion to dismiss under rule 106 of the Rules of Civil Practice. Plaintiff’s order was not conditional: it did not say “ If you can get the required quantity and quality of the merchandise and if you can secure the certificates of such quantity and quality, we order the same.” It was an outright order without qualifications. Obviously if defendant in its so-called acceptance had said that if he got the quantity and quality in question and if he could procure the certificates he would accept the order — that acceptance would be conditional and qualified and therefore a counterorder.
To create a contract, the minds of both parties must meet in reference to every essential term, and any valid and binding acceptance must be without material qualification or variation. The phrase “subject to” in defendant’s acceptance means conditional upon or depending on. Accordingly, the contract shows on its face that defendant’s acceptance was not unqualified but was expressly conditioned upon defendant’s “arranging all the above phases of this transaction” (emphasis mine). That qualified defendant’s acceptance and he could not be bound unless he effected “all phases” of the arrangement and, therefore, a binding and enforcible contract was not made; for if both parties are not bound, neither is bound.
The language of the document, which the court must construe as it is found sud according to the legal effect the pleader places on it {Bed BoMn Stores *755 v. Rose, 274 App. Div. 462, 465; Greeff v. Equitable Life Assur. Soc., 160 N. Y. 19, 29), demonstrates that no binding and unqualified acceptance was given.
For the reasons stated, I dissent and vote to reverse the order appealed from and to grant the motion to dismiss under rule 106.
Cohn, Callahan and Shientag, JJ., concur in decision; Dore, J., dissents and votes to reverse the order and grant the motion, in an opinion in which Yan Yoorhis, J., concurs.
Order affirmed, with $20 costs and disbursements. No opinion. [See post, p. 898.]