DOROTHY DORN, Appellant, *v.* JOSEPH J. DORN, Respondent.

Second Department, November 30, 1953.

*George Rover* for appellant.

*Milton I. Stockton* and *Charles A. Schneider* for respondent.

*Per Curiam.* In an action to recover money allegedly due under an agreement of separation entered into between the parties, it appears that the agreement provides that weekly payments of $30 would be made until the plaintiff, wife, remarried, and $15 thereafter; that shortly after making the agreement the wife obtained a Mexican divorce (mail-order decree) and entered into a ceremonial marriage with one Stern in the State of New Jersey; that the defendant then reduced the weekly payments, as provided by the agreement; and that more than five years later the wife brought this action to recover $4,230, representing the accumulated sum of that part of the weekly payments unpaid. On defendant's motion, under rule 106 of the Rules of Civil Practice, the complaint was dismissed as failing to state facts sufficient to constitute a cause of action. The plaintiff appeals. She urges that properly construed the agreement sued on contemplates and means that the liability of the husband to pay $30 weekly never terminated because the plaintiff never obtained a *valid* decree of divorce and that she never contracted a *valid* remarriage.

The rule is well established that where a writing is annexed to and made part of a pleading the court must construe the writing as found and not according to the legal effect which the pleader places upon it. In other words, the written agreement must prevail over the pleading when there is a variation, and a version different from the writing will not be accepted. (*Red Robin Stores* v. *Rose,* 274 App. Div. 462; *Sunnyside Self-Service Laundry* v. *Ald New York,* 70 N. Y. S. 2d 339.)

It was stated in the *Red Robin Stores* case, where the contracts were annexed to the complaint, "the rights and duties of the parties must be determined by their terms and not by

plaintiff's characterization or construction thereof in its pleading '' (p. 465). The rule thus established has been repeatedly cited and followed. (*Glahn* v. *Clark,* 251 App. Div. 747; *Savoy-Reeland Print. Corp.* v. *Sawyer-Hornstein, Inc.,* 236 App. Div. 818, affd. 261 N. Y. 643.) The writing here involved is not ambiguous. Plaintiff married Stern in 1946. Defendant reduced the payments, as provided by the terms of the agreement, to $15 a week, thus evidencing his construction of the agreement. For more than five years the plaintiff accepted the amounts paid without complaint. Plaintiff, because of her marriage to Stern and her acceptance of the $15 payments, has accepted as satisfactory her position as the defendant's divorced wife and Stern's real wife within the meaning of the agreement. Furthermore, the facts alleged in the pleading evidence her construction of the agreement and acquiescence in such construction, which is the same as made by the defendant.

The order should be affirmed, without costs.

NOLAN, P. J., and BELDOCK, J. (dissenting). As a matter of pleading, the complaint is sufficient. The dismissal of the complaint at Special Term was on the theory that it sought to enforce a private claim or demand, arising out of the marriage, and that plaintiff was estopped to assert such a claim by reason of the Mexican divorce proceedings recited in the complaint. (Cf. *Starbuck* v. *Starbuck,* 173 N. Y. 503.) Plaintiff does not, however, assert such a cause of action, but, on the contrary, seeks recovery on an express contract. If that contract is to be construed as preventing recovery, under the circumstances alleged in the complaint, such a determination should be made after a trial, on which evidence as to practical construction by the parties may be properly evaluated by the trier of the facts. It may not be inferred, from the pleading alone, that plaintiff accepted reduced payments without complaint, or that she acquiesced in defendant's interpretation of the contract.

ADEL, WENZEL and MACCRATE, JJ., concur in *Per Curiam* opinion; NOLAN, P. J., and BELDOCK, J., dissent and vote to reverse the order and to deny the motion, in memorandum.

Order granting defendant's motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, affirmed, without costs.