EMANUEL SCHRECK, Plaintiff, *v.* BERTA SCHRECK, Defendant.

Supreme Court, Special Term, Queens County, January 4, 1954.

*Leonard Hemley* and *Morris L. Wolf* for defendant.

*Daniel D. Trause, Samuel J. Kisseloff* and *Janet Perlman* for plaintiff.

PETTE, J.   In an action to set aside as null and void a separation agreement dated February 27, 1953, and to direct the defendant to return the real and personal property transferred to her by the plaintiff pursuant to such agreement, the defend-

ant moves to dismiss each of the two causes of action alleged in the complaint on the grounds (1) that neither states facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4) and (2) that the decree annexed to the complaint constitutes an existing final judgment of the Supreme Court of the State of New York rendered on the merits, determining between the parties' each of said causes of action (Rules Civ. Prac., rule 107, subd. 4).

Annexed to and made part of the complaint are the separation agreement sought to be set aside and the decree of divorce rendered by this court on May 8, 1953, in favor of the defendant and against the plaintiff in this action which became final as of course on August 10, 1953. The separation agreement provides, among other things, for the support of the defendant by the plaintiff at the rate of $100 per week until her remarriage or his death and $50 per week for the support of their son, Gordon, whose custody was given to the defendant subject to specified rights of visitation in favor of the plaintiff. It was specifically provided that this separation agreement '' shall not be construed so as to prevent either party from suing in this jurisdiction or in any other competent jurisdiction for an absolute or limited divorce, but no decree entered herein shall nullify, terminate or destroy the terms and obligations of this agreement, both parties intending that this agreement shall survive such decree.'' The parties also expressly stated in their agreement that they had read it; that it represented a fair and just disposition of the matter; and '' that there are no oral representations or warranties which have been made in connection with this agreement and that this agreement represents the complete and full understanding of the parties.''

Plaintiff now claims in his first cause of action that this separation agreement was invalid in that it was entered into to procure a divorce and, therefore, was contrary to the provisions of section 51 of the Domestic Relations Law. In his second cause of action the agreement is attacked as having been entered into as the result of the fraudulent representations by the defendant '' that unless the plaintiff agreed to enter into the written agreement, that she would (1) slander and molest him, (2) spread malicious and defamatory rumors about him and his friends among his circle of business and social acquaintances, and (3) ruin and degrade his reputation; but that if he would comply with her desires and execute the agreement she would not go through with the threatened slander and molestation.''

The court is of the opinion that the second cause of action is insufficient to constitute a cause of action in fraud. The defendant's alleged representation that if plaintiff " would comply with her desires and execute the agreement she would not go through with the threatened slander and molestation [of plaintiff] " amounts to no more than a promise not to molest and slander him, etc. " Fraud must relate to a material fact not promissory in its nature. Mere promissory statements as to what will be done in the future are not actionable ". (*Central Sav. Bank in City of N. Y.* v. *Amted Realty Co.,* 274 App. Div. 392, 393.)

Plaintiff asserts in his first cause of action that during the negotiations which resulted in the separation agreement, " the defendant stated and represented to plaintiff that if he would comply with her desires and execute the agreement, and interpose none of the defenses available to him to a divorce action, despite his ability to interpose such defenses, she would commence immediate proceedings for divorce in the State of New York "; that plaintiff agreed to such separation agreement in order to induce the defendant to commence such action for divorce in the State of New York; that " immediately as said separation agreement was signed, plaintiff was served with the summons and complaint in the divorce action above described "; that certain provisions contained in said agreement were " incorporated " in the resulting decree of divorce wherein it was specifically provided that the agreement should not be merged therein; that pursuant thereto plaintiff transferred to defendant by deed a parcel of real property located in Queens County and delivered to her all of the furniture and fixtures contained therein; and that the aforesaid separation agreement was " invalid, illegal and of no force and effect in that it was unconscionably obtained by fraud and violated the laws and public policy of the State of New York and was executed and delivered in consideration that defendant should and would procure a divorce from plaintiff, and the agreement attempts to alter and dissolve the marriage relationship between the parties, and was and is invalid because it violates the laws of the State of New York."

The foregoing allegations, argues the defendant, are completely negated by the separation agreement and decree of divorce, the terms of which must prevail over the pleading of which they are a part, to the extent that the allegations thereof are at variance.

It is indeed true that in actions to recover *upon* written instruments which have been made part of the pleading challenged for legal insufficiency, the facts recited in the former prevail over the averments of the pleader which are different (*Kobert* v. *National Mach. Co.,* 233 App. Div. 234, affd. 258 N. Y. 586); in such cases the rights and duties of the parties must be determined by the terms of the writings " and not by plaintiff's characterization or construction thereof " in his pleading. (*Red Robin Stores* v. *Rose,* 274 App. Div. 462, 465; *Dorn* v. *Dorn,* 282 App. Div. 597.) This rule, however, is not applicable when, as here, the burden of the cause of action is the " cancellation " of the separation agreement which appears to be valid on its face, " by the production of evidence *dehors* the instrument establishing its invalidity." (*Galusha* v. *Galusha,* 138 N. Y. 272, 280.) While evidence of what was said between the parties to a valid instrument in writing, either prior to or at its execution, is not admissible to contradict or to vary its terms, there are exceptions. These " may be grouped into two classes, the first of which includes those cases in which parol evidence has been received to show that that which purports to be a written contract is in fact no contract at all. Thus, fraud, illegality, want of consideration, delivery upon an unperformed condition and the like may be shown by parol, not to contradict or vary, but to destroy a written instrument. Such proof does not recognize the contract as ever existing as a valid agreement and is received from the necessity of the case to show that that which appears to be, is not and never was a contract." (*Thomas* v. *Scutt,* 127 N. Y. 133, 137–138; *Bernstein* v. *Kritzer,* 253 N. Y. 410, 416.)

The defendant further urges (1) that the allegations of the first cause of action are mere conclusions, altogether insufficient to spell out an action in equity to set the separation agreement aside on the ground that it was entered into to alter or dissolve the then existing marital status between the parties thereto; and (2) that in any event the decree of divorce annexed to and made part of the complaint constitutes an existing final judgment of the court " rendered on the merits, determining * * * between the parties " all the causes of action set forth in the complaint. (Rules Civ. Prac., rule 107, subd. 4.)

The court agrees with the first of the foregoing objections by the defendant. It is evident from even a cursory reading of the first cause of action that it is replete with conclusions insufficient to satisfy the statutory requirement that " Every pleading shall contain a plain and concise statement of the material facts

\* \* \* on which the party pleading relies ''. (Civ. Prac. Act, § 241; *Kalmanash* v. *Smith,* 291 N. Y. 142, 153.) Nor may this cause of action, as presently pleaded, be saved by the doctrine of liberal construction prescribed by section 275 of the Civil Practice Act since liberality '' cannot be used as a substitute for matters of substance ''. (*Didier* v. *Macfadden Publications,* 299 N. Y. 49, 53.)

The second objection above set forth, however, lacks merit. It is predicated on the claim that it is the law of this State '' that where the husband appears in the divorce action and the divorce decree adopts the separation agreement, the decree is conclusive evidence not only of the grounds of divorce, but also of the validity of the separation agreement.''

It is indeed true, as established by the authorities cited by the defendant, that a separation or support agreement incorporated in or ratified, approved or otherwise adopted by a decree of divorce rendered in another State is binding on the parties in this State in the absence of a direct and successful attack in the rendering court. (*Schacht* v. *Schacht,* 295 N. Y. 439; *Miller* v. *Miller,* 271 App. Div. 974; *Hoyt* v. *Hoyt,* 265 App. Div. 223.) This is so even when the agreement contains a provision for its survival after adoption in a decree of divorce. (*Fry* v. *Fry,* 279 App. Div. 122, affd. 304 N. Y. 889.)

The reason for this policy is not that the agreement is finally binding and immune from attack *everywhere,* but that the decree which is entitled to full faith and credit under the mandate of the Federal Constitution (art. 4, § 1) would be impaired, were such an agreement to be set aside and rescinded in this State. (*Schacht* v. *Schacht, supra,* p. 442; *Fry* v. *Fry, supra.*) This view finds expression in the most recent pronouncement by the Court of Appeals wherein it was held that a separation agreement having been approved by a decree of divorce rendered in the State of Nevada could not be reformed in the courts of this State. (*Rehill* v. *Rehill,* 306 N. Y. 126, 135.) Chief Judge Lewis, writing for the court, observed: '' The agreement before us, which, as it now stands, was ' ratified, approved and confirmed ' by the Nevada court, may not be reformed by action brought in this State. *While the Nevada court could doubtless entertain an action for reformation of the agreement,* nevertheless were we to do so we would in effect be ' reforming ' the Nevada decree as well as the separation agreement, which we may not do. The Nevada decree, confirming as it did the agreement between the parties as it now stands, is entitled to full faith and credit.

Thus, were we now to reform the agreement, we would in effect impair the Nevada judgment ''. (Emphasis supplied.)

Just as the Nevada court which rendered the divorce decree involved in the *Rehill* case (*supra*), '' *could doubtless entertain an action for reformation of the agreement* '' which was '' ratified, approved and confirmed '' by it, so may this court entertain a proper action to rescind the separation agreement herein involved upon adequate allegations and competent proof of its illegality, notwithstanding that in the decree of divorce rendered in this court it was '' Ordered, adjudged and decreed that the provisions for the maintenance and support of the plaintiff and the maintenance, support and education of   *   *   *   [the] issue of the marriage, and for his custody and control, and the right of visitation of such child shall be as set forth in the agreement entered into by the parties hereto dated February 27, 1953; and   *   *   *   that the aforesaid agreement between the parties   *   *   *   shall not be merged in this decree but shall survive the same.'' (See, also, *Hoyt* v. *Hoyt, supra.*)

In *Galusha* v. *Galusha* (116 N. Y. 635), the Court of Appeals held that in an action for divorce brought by the wife in this State, the court had no power to set aside an agreement of the parties, *lawful in form and apparently valid,* settling the question of support without the consent of both parties and no power to make an additional allowance for the support of the wife beyond the amount agreed upon by the parties. The court observed at page 646: '' The law looks favorably upon and encourages settlements made outside of courts between parties to a controversy. If, as in this case, the parties have legal capacity to contract, the subject of settlement is lawful and the contract without fraud or duress is properly and voluntarily executed, the court will not interfere.'' Under such circumstances, the court '' by its decree, will ordinarily direct the husband to pay the amount which the parties have agreed will constitute suitable provision for maintenance of the wife.'' (*Wimpfheimer* v. *Wimpfheimer,* 262 App. Div. 304, 306.) Such decree may be modified by the court, without relieving the parties of their contractual obligations assumed in their agreement if, as in the case at bar, it has not been merged in the decree. (*Goldman* v. *Goldman,* 282 N. Y. 296.) '' The courts always will respect such an intention by enforcing either the decree or the agreement, as the circumstances warrant or require.'' (*McCanliss* v. *McCanliss,* 268 App. Div. 138, 142.)

Such an agreement, however, may subsequently be set aside

and rescinded. (*Galusha* v. *Galusha*, 138 N. Y. 272, *supra*.) In that case the wife brought an action to open the judgment in the divorce suit and to declare invalid the " separation deed ", the subject of the first action between the parties, *Galusha* v. *Galusha* (116 N. Y. 635, *supra*). The husband demurred on the ground that the plaintiff was estopped by the former adjudication since " every material fact which the plaintiff now seeks to establish, might have been litigated in the divorce suit, and that all the relief she now demands might have been sought and obtained in that action." (*Galusha* v. *Galusha, supra,* p. 280.)

The Court of Appeals, however, held: " We cannot assent to this view of the scope of the complaint and of the effect of the prior judgment. The burden of the present cause of action is the cancellation of the deed of separation by the production of evidence *dehors* the instrument establishing its invalidity. An issue involving that question was not raised by the pleadings in the former action; it could not have been appropriately tried therein; it was not in fact litigated, and under the ruling of the trial court, it could not have been heard and determined." The court noted, moreover, at page 283, that the separation agreement could not have been annulled in the prior action, *first,* because the trustee designated therein had not been made a party and *second,* that while the agreement remained unimpeached, " it must be the measure of the allowance for the support " of the former wife. " The effect of the former decision " concluded the court " is to render the separation agreement conclusive upon the plaintiff [wife] as to the amount of her allowance * * * until she becomes the actor in some action or proceeding like the present to terminate it ". (Pp. 284–285.)

The logic of the *Galusha* decisions is apposite here. An examination of the judgment roll in the divorce action between the parties hereto, of which this court takes judicial notice (*Brooklyn Public Lib.* v. *City of New York*, 222 App. Div. 422, 436, affd. 250 N. Y. 495; *Shaw* v. *Shaw,* 155 App. Div. 252), reveals that the issue concerning the alleged invalidity of the separation agreement dated February 27, 1953, was not raised by the pleadings in the divorce action, nor could it have been appropriately tried and finally determined therein. (Cf. *Schmelzel* v. *Schmelzel,* 287 N. Y. 21.) The summons and complaint verified February 25, 1953, and served on February 27, 1953, does not even mention the agreement which was offered in evidence by the wife's attorney at the inquest, at which the husband was represented by counsel.

The learned Official Referee who presided at the inquest made no inquiry or finding whatsoever concerning the validity of the agreement nor of the circumstances attending its execution. When the agreement was first offered in evidence, he stated: " I don't care what it is, I don't care anything about a separation agreement." He later inquired of the witness [Mrs. Schreck] : " Do you know what is in it? * * * Are you satisfied with it? * * * Does it provide for your son?" These questions having been answered in the affirmative, he stated: " All right. Regardless of support I am going to ask you : Are you asking for alimony? * * * How much alimony are you asking for?" The witness answered in the affirmative and that she was asking for " one hundred and fifty dollars, with the child." She was then asked to break down that figure, i.e., as to how much she was asking for herself and how much for the child. The witness answered, " I want a hundred dollars for myself, and it was agreed that I should get it " and fifty dollars for the boy, or one hundred and fifty dollars. After the witness had answered " Yes " to the question, " That is satisfactory to you, is it ", the Official Referee admitted the agreement in evidence as plaintiff's Exhibit 2.

Moreover, the infant son of the parties, for whose support, education, custody and visitation, provision was made in the decree of divorce as set forth in the agreement, was not a party to the divorce action nor was he represented by a special guardian. He is beneficiary of other provisions in the agreement which were not incorporated in the decree, to wit, the wife's undertaking to " leave " the real property transferred to her by the husband " outright " to said infant, and if another home be purchased out of the proceeds of the sale of the first, such home shall be subject to the same limitations and conditions as provided for the one transferred. Further provision was made that " In the event that the house or any successor house should be sold and a new home shall not be purchased, then in such event the proceeds of the sale shall be left to GORDON by the Wife upon her death and the Wife agrees to execute a will to that effect which shall be in full force and effect at the time of her death." Clearly the separation agreement containing provisions such as these could no more have been annulled in the prior divorce action, without the infant son being a party thereto than could the separation agreement which was involved in the *Galusha* case (138 N. Y. 272, *supra*) without the presence of the trustee named in that instrument.

Indeed, the infant son of the parties has not even been made a party to this action although he appears to be indispensable in view of his beneficial interest in the agreement sought to be cancelled. (Civ. Prac. Act, § 193, subd. 1; *McKnight* v. *Bank of New York & Trust Co.*, 254 N. Y. 417, 421; *Ducas* v. *Ducas*, 150 App. Div. 397.) For a comprehensive discussion of the exclusive manner in which an objection of nonjoinder may be raised and the condition precedent to a dismissal of an action for nonjoinder, see *Carruthers* v. *Waite Mining Co.* (306 N. Y. 136).

True, plaintiff may succeed in this action to the extent only that the agreement is executory (*Schley* v. *Andrews*, 225 N. Y. 110, 113–114); that would not, however, seem to excuse his failure to join his son, the ultimate owner of the house or its proceeds since one of the objects of this action is the return of that property.

In light of the foregoing, the motion to dismiss each cause of action on the ground of *res judicata* is denied. The motion to dismiss them for legal insufficiency is granted with leave to the plaintiff to plead over the first cause of action alone, alleging, if he can, the ultimate facts establishing the claimed illegality of the separation agreement dated February 27, 1953, as distinguished from the present conclusions. Such amended pleading will be served within twenty days of the service of a copy of the order hereon with notice of entry thereof.

Submit order.