ANNE TAYLOR, Also Known as ANNE BUCKINGHAM, Individually and as Guardian ad Litem of JOLIE A. N. MUSS, an Infant, Respondent, *v.* DAVID MUSS, Appellant, et al., Defendants.

First Department, June 6, 1961.

*Martin Garbus* of counsel (*H. John Gluskin* with him on the brief; *Emile Z. Berman* and *A. Harold Frost,* attorneys), for appellant.

*Sol Pottish* of counsel (*Robert W. Seavey* with him on the brief), for respondent.

McNALLY, J. Defendant-appellant prior to answer seeks the dismissal of the amended complaint for insufficiency, lack of jurisdiction of the subject matter and the pendency of a prior action for the same cause. We conclude the amended complaint is insufficient.

On February 23, 1956, in the City and County of New York, plaintiff-respondent Anne Taylor, the mother, and defendant-appellant, the putative father of the infant plaintiff, entered into an agreement providing for the payment by defendant-appellant of sums aggregating $130,000, of which $90,000 was for the benefit of the mother and $40,000 was allocated to a trust fund for the benefit of the child. In compliance with the terms of said agreement, defendant-appellant paid the said sum of $130,000.

On June 30, 1960 defendant-appellant instituted a proceeding in the Court of Special Sessions of the City of New York pur-

suant to section 63 of the New York City Criminal Courts Act to determine the adequacy of and approve the agreement and the trusts for the support of the mother and child.

The amended complaint alleges the commencement of the said proceeding and the filing of said agreement and deeds of trust violated the following provisions of the agreement:

" 5. So long as the terms of this Agreement are fully complied with by the First Party, the Second Party [defendant-appellant] will not bring any action of any kind in the United States or elsewhere as against the First Party or affecting her rights or the rights of the First Party's child, Jolie."

" 17. Nothing herein contained shall require the recording of the within agreement or exhibits made a part thereof, and the parties shall not record the same unless required to in an action or proceeding brought to enforce the terms thereof."

Plaintiff-respondent, by reason of the alleged defaults, seeks judgment in the sum of $35,000, representing the balance of the corpus of the trust for the child together with counsel fees in the sum of $10,000.

A filiation proceeding is a creature of statute. In New York City it is governed exclusively by article V of the New York City Criminal Courts Act and in other parts of the State by article VIII of the Domestic Relations Law. (*Hough* v. *Light,* 275 App. Div. 299.)

Section 63 of the New York City Criminal Courts Act provides, in part: " 1. An agreement or compromise made by the mother or by some authorized person on behalf of either the mother or child concerning the support of either shall be binding only when the court shall have determined that adequate provision has been made and is fully secured and shall have approved said agreement or compromise."

The amended complaint is grounded on an agreement which section 63 provides " shall be binding only when the court shall have determined that adequate provision has been made and is fully secured and shall have approved said agreement or compromise." In *Haag* v. *Barnes* (9 N Y 2d 554), decided by the Court of Appeals May 18, 1961, it was stated that such an agreement, absent court approval, is no bar to a paternity proceeding pursuant to section 64 of the New York City Criminal Courts Act. The amended complaint fails to allege court approval of the agreement. Contrariwise, the defaults relied on are an incident of the attempt to secure such approval.

Article V of the New York City Criminal Courts Act, including section 63 thereof, is part of the agreement of February 23, 1956 as if expressly contained therein. The law in force at the

time the agreement is entered into becomes as much a part of the agreement as though expressed therein. (*Dolman* v. *United States Trust Co.*, 2 N Y 2d 110, 116; *Kasen* v. *Morrell*, 6 A D 2d 116.) Article V reflects the public policy of the State of New York with respect to provision for the welfare of illegitimate children. (*Schaschlo* v. *Taishoff*, 2 N Y 2d 408, 411.)

The proceeding instituted by defendant-appellant in the Court of Special Sessions of the City of New York does not violate paragraph " 5 " of the agreement; it is one to validate, preserve and enforce the agreement and the deeds of trust. The recording of the agreement in the proceeding to effect court approval under section 63 was " required * * * in an action or proceeding brought to enforce the terms thereof " within the meaning of and, therefore, does not violate paragraph " 17 " of the agreement. Section 63 is required to be read into the agreement and the proceeding responsive thereto instituted by defendant-appellant is not a breach of the agreement but rather in compliance therewith.

Moreover, under paragraphs " 12 " of the master agreement dated February 23, 1956 and " 10 " of the trust indenture, Exhibit E, for the benefit of the child, the remedy of the plaintiff-respondent Anne Taylor consequent on a breach of the agreement after full payment by the defendant-appellant is expressly limited to the enforcement of the trust indenture. " After the Second Party has, however, made payment in full * * * then in the event the Second Party defaults in the performance of any other terms * * * the Beneficiary's rights hereunder shall be limited to the enforcement of this trust indenture." (Exhibit E, par. 10; master agreement, par. 12.) In this action it is sought to terminate the trust.

The sufficiency of the amended complaint is to be determined in the light of the provisions of the agreement and the deeds of trust annexed to the amended complaint. The court is not bound by the legal effect placed thereon by the pleader. (*Dorn* v. *Dorn*, 282 App. Div. 597, 598; *Kendall* v. *Oakland Golf Club*, 282 App. Div. 1057, affd. 307 N. Y. 753; *Red Robin Stores* v. *Rose*, 274 App. Div. 462, 465.)

The agreement and the trust indenture discriminate between the remedies available prior and subsequent to full payment on the part of the defendant-appellant. Paragraph " 10 " of the trust indenture provides for the right of termination in the event defendant-appellant fails to make the required payments; a similar right in respect of the agreement is contained in paragraph " 12 " thereof. On the other hand, the same paragraphs provide that after full payment in the event of

any other default on the part of defendant-appellant the beneficiary's rights are limited to the enforcement of the trust indentures. When possible every word and expression contained in an agreement should be given effect and meaning. (*Fleischman* v. *Furgueson,* 223 N. Y. 235, 239; *Benvenuto* v. *Rodriguez,* 279 App. Div. 162, 164.) The instruments distinguish a default in part payment from a default after full payment and in the latter event limit the remedy to the enforcement of the trust, and unambiguously so provide. This action to effect a termination of the trust is precluded by the instruments relied on by the plaintiffs-respondents.

The order should be reversed, on the law, with costs to defendant-appellant, and the motion granted.

BOTEIN, P. J. (concurring in result). The provisions of the master agreement and trust indenture upon which plaintiff must rely for recovery are those giving her the right "to cause all payments then remaining to be paid under the terms of the trust indentures to be immediately due and payable." As I construe the agreements, the payments remaining to be made under the trust agreement for the benefit of the mother were the balance of the $90,000 set aside for her in trust; and the payments to be made under the trust agreement for the benefit of the child are the sums of $2,500 per year until she will have reached 21 years of age, when the principal is to be paid her. Any other construction would result in giving the mother much more drastic relief in the event of a breach after full payment had been made of the major obligation of $90,000 than before such payment. The contract is not capable of such a construction, and it is also incredible that the parties would agree to such terms. The entire amount of $90,000 has been paid to the mother, and the payment of $2,500 currently due under the trust agreement for the benefit of the child has been paid. Since plaintiff has not the right to accelerate the payments under the latter trust agreement, she cannot obtain the relief sought in her complaint and it must be dismissed.

BREITEL, VALENTE and STEVENS, JJ., concur with McNALLY, J.; BOTEIN, P. J., concurs in result in opinion.

Order entered on January 24, 1961, insofar as it denies defendant-appellant's motion to dismiss the amended complaint, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs.