Saul S. Streit, J.
This is a motion pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint and each and every cause of action on the ground that it appears on the face thereof that the complaint and each and every cause of action fails to state facts sufficient to constitute a cause of action.
The complaint alleges:
“ That plaintiff, a manufacturer and national wholesale distributor of paints and related products, entered into a five-year lease under date of June 14, 1960 covering a particular portion of defendant’s ‘ Freedomland ’ premises on which plaintiff proposed to, and thereafter did, erect a special and unique display designed to exhibit, advertise and promote its business and products to persons in general attendance at Freedomland;
‘1 That it was intended and understood by both parties to the aforesaid lease at the time of its execution that Freedomland would be developed and maintained by defendant as an historical and educational family recreation and entertainment center of unique character to be maintained with dignity and propriety, free from the commonplace and vulgar ;
“ That defendant opened, operated and maintained Freedom-land on precisely the aforesaid basis throughout the summer of 1960, its initial season, but prior to its 1961 season and thereafter defendant deliberately chose to alter its declared policy and to recast Freedomland’s unique character as an historical and educational center into an ordinary amusement park by appealing directly for the patronage of jazz band enthusiasts and teen-age audiences; and
“ That defendant’s radical change in its policy was in breach of the aforesaid lease and resulted in complete frustration of plaintiff’s purpose in accepting said lease in the first instance, all to plaintiff’s damage in various particulars despite the due performance by plaintiff of all of its obligations under the lease. ’ ’
The first cause of action is based upon an alleged breach of the defendant’s obligation as landlord under the lease and seeks both a declaratory judgment and rescission. The lease is annexed to the complaint and made part of the pleading and must be construed as found and not according to the legal effect which the pleader places on it (Dorn v. Dorn, 282 App. Div. 597).
There is no obligation in the lease by which the landlord obligated itself to maintain “Freedomland” so as to appeal to any special class or to prohibit any special class of people from visiting ‘ ‘ Freedomland ’ ’. The landlord demised premises in “an outdoor amusement and entertainment center called ‘ Freedomland ’ The lease does not contain any restrictions on the over-all use of the park by the landlord. Section XXXII *642 especially provides that ££ The Lease constitutes the entire agreement between the parties. Neither party hereto has relied upon any statements or representations of the other, its agents, officers or employees.” There are no facts pleaded in the complaint which set forth any violation of the lease in the use of ‘ ‘ Freedomland ” by the defendant and anything that the plaintiff anticipated in the making of the lease cannot be used as a basis to rewrite or reconstruct the lease. The lease being clear and complete on its face cannot be expanded by any intrepretive evidence under the guise of clarification. Accordingly, the first cause of action is dismissed.
The second cause of action is based upon allegations of fraud and deceit by which the plaintiff was induced to enter into the lease. It incorporates all the allegations of the first cause of action. The reasons for the dismissal of the first cause of action apply with equal force to this cause of action. Furthermore, there are nothing but general allegations which are bare conclusions. General allegations are insufficient in an action for fraud (Wood v. Amory, 105 N. Y. 278).
The third cause of action incorporates all the allegations of the first and second causes of action. Statements with respect to these causes of action apply with equal force to this cause and it is therefore likewise dismissed.
The fourth, fifth, sixth, seventh and ninth causes of action incorporate by reference the first cause of action:
‘ ‘ The Fourth Cause of Action thereupon alleges in substance that the defendant represented and the parties to the Lease understood and intended that ‘ Freedomland ’ would be operated in a manner beneficial to the ‘ business interests and corporate image of the plaintiff ’.” It also alleges that the particular manner of operation was an indispensable inducement and cause of plaintiff’s entering into the lease.
“ The Fifth Cause of Action alleges in substance that the defendant was obligated to exercise good faith and fair dealing in its treatment of the plaintiff and consequently was legally prohibited from doing anything which might deprive the plaintiff of the fruits of the Lease.
“ The Sixth Cause alleges in substance that the defendant, having changed the nature of its operation by introducing attractions having an appeal to persons other than those interested in plaintiff’s exhibit, ‘ has frustrated the purposes of the plaintiff in executing and delivering the aforesaid Lease to the defendant ’.
“ The Seventh Cause alleges that the defendant represented and covenanted with the plaintiff that Freedomland ’ was *643 unique in nature and ‘ its uniqueness would be maintained through the term of the aforesaid Lease
‘ ‘ The Ninth Cause of Action alleges in substance a failure of consideration by reason of the change in the operation.
“By incorporating the allegations of the First Cause of Action in the Fourth, Fifth, Sixth, Seventh and Ninth Causes of Action, the plaintiff has also incorporated the defects of the First Cause of Action as set forth in Point I of this Memorandum.
‘1 The Fourth, Fifth, Sixth, Seventh and Ninth Causes of Action are based essentially upon a single contention, common to each of them. Plaintiff contends that the defendant did not have the right to alter the operation of the Park by introducing other attractions in the manner described, and that by reason of such alteration, defendant breached its implied covenant of good faith, frustrated the purposes of the contract, and caused a failure of consideration.”
These causes of action, in addition to the defects of the first cause of action, are also alleged in conclusory fashion and as indicated above are insufficient as a pleading. They are all dismissed.
The eighth cause of action incorporates the first cause of action and further alleges an alleged nuisance. In order to state an action for nuisance there must be allegations that the defendant has acted wrongly and in violation of a plaintiff’s legal rights. This cause of action fails to show any wrongful acts of the landlord or in violation of the plaintiff’s rights. Accordingly, this cause of action is also dismissed.
The complaint is dismissed in its entirety and the plaintiff may serve an amended complaint within 20 days after service of a copy of this order together'with notice of entry thereof.