■ Joseph A. Carfizzi, Respondent, v. United Transportation Co. of Rhode Island, Appellant.— In an action to recover damages for the alleged breach of a contract of employment, the defendant appeals from an order of the Supreme Court, Kings County, dated May 17, 1963, which denied its motion, pursuant to the former Rules of Civil Practice (rule 106, subd. 4), to dismiss the complaint for failure to state facts sufficient to constitute a cause of action.  Order reversed, without costs; motion granted; and complaint dismissed, without costs.  Since a copy of the written agreement sued upon was annexed to the complaint, it is to the agreement and not to the construction placed thereon by the pleader that the court must turn in determining whether facts have been stated sufficient to constitute a cause of action (*Dorn* v. *Dorn*, 282 App. Div. 597, 598).  Similarly, while upon a motion to dismiss for insufficiency under rule 106 of the former Rules of

Civil Practice, all facts alleged in the complaint and all inferences that may fairly be drawn therefrom are admitted, none of the legal conclusions averred nor any construction placed upon the contract by the pleader is so admitted (*Red Robin Stores* v. *Rose*, 274 App. Div. 462, 465). With respect to the agreement which is the subject of the instant controversy, while certain language contained therein, when considered out of context and without regard to the other provisions of the agreement, would seem to lend support to the construction urged by plaintiff, it is our opinion that there is no language contained in the agreement which, when considered in its proper context and in the light of the intention of the parties as manifested in the agreement as a whole, supports the allegations in the complaint as to "lifetime employment" (cf. *Benvenuto* v. *Rodriguez*, 279 App. Div. 162, 164). We find the agreeemnt to be unambiguous and clear; hence, its construction is for the court as a matter of law. "Mere assertion by one that contract language means something to him, where it is otherwise clear, unequivocal and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact" (*Bethlehem Steel Co.* v. *Turner Constr. Co.*, 2 N Y 2d 456, 460). This being so, we conclude as a matter of law that the complaint fails to state a good cause of action and should be dismissed. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.