■ 300 BROADWAY REALTY CORPORATION, Respondent, v. LESTER KOMMIT, Appellant.— Defendant appeals from an order of the Supreme Court, Special Term in Albany County denying separate motions to dismiss the amended complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4; CPLR 3211, subd. [a], par. 7) and to strike two paragraphs thereof as irrelevant, redundant and tending to prejudice, embarrass or delay the fair trial of the action. (Rules Civ. Prac., rule 103; CPLR 3024, subd. [b].) The complaint alleges that defendant while an officer and director of plaintiff corporation fraudulently and in breach of his fiduciary duties "permitted and caused" it to enter into a contract with North American Contracting Co., Inc., for the construction of a hotel on premises which it owned in the City of Albany. A copy of the written contract is annexed to and made a part of the pleading. On its face it appears

not to have been executed by plaintiff and thus refutes the charge of wrongdoing by defendant which is sought to be redressed. The well-settled rule that a written agreement annexed to and made a part of a complaint must prevail over its pleaded version where there is a variance (*Dorn* v. *Dorn*, 282 App. Div. 597) applies with equal force to a writing where, as here, its wrongfully induced execution is the gravamen of the pleading. In its present posture the amended complaint fails to state a cause of action. This result renders academic the appeal from the second decretal paragraph of Special Term's order. Otherwise, affirmance would be indicated. Order denying the motion to dismiss the amended complaint on the ground that it fails to state facts sufficient to constitute a cause of action reversed, on the law and the facts, and motion granted with leave to plaintiff to replead within 20 days, if so advised; with $10 costs. Appeal from so much of the order as denied the motion to strike paragraphs numbered Twenty-first and Twenty-second of the amended complaint dismissed as moot. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.