Jacob Markowitz, J.
Defendant moves for dismissal of the first and second canses of action contained in the amended complaint for legal insufficiency. It is alleged that plaintiff entered into an employment agreement with the defendant on February 1, 1957. By the agreement plaintiff was required to and did remove to the City of Cleveland, the defendant agreeing to pay or to reimburse the plaintiff for the expense incurred in such removal. On January 29, 1958, it is alleged, the defendant offered the plaintiff a new agreement of which a copy is annexed to the complaint. Plaintiff, however, refused to agree unless the defendant undertook as a condition precedent to entering into such agreement and as a condition for any cancellation thereof that the parties would review the amount of business done by the plaintiff and the expense incurred therein for the period during which the agreement was in existence and, if the business done was materially increased in comparison with the same preceding period, then the agreement would remain and continue to be in full force. Defendant agreed to such condition precedent and the plaintiff then agreed to make the *336 agreement, and did so. It is further alleged that the agreement was wrongfully terminated hy the defendant without any review of the business operations which, upon review, would have established material increase in the period in concern over the like preceding period.
In the second cause of action it is alleged that as a further condition precedent the defendant agreed, as part of the consideration therefor, that it would pay to the plaintiff the sum of $1,200 in the event the agreement was terminated by the defendant, and other specified items.
The writing attached to the complaint and dated January 29, 1958 provides, among other things: “ In view of your [plaintiff] feeling that sales in the territory could be increased materially we have decided to go along with your judgment for a limited indefinite period of time on the terms agreed ivith you,” and further provided the amount of plaintiff’s salary, weekly expense account, and continued:
1 ‘ If you are called to New York at the request of the Company we will pay your travel and reasonable living expenses during the period of your visit and not charge you * * *.
“As an incentive to promote greater effort, the Company will, at the termination of this understanding, or no less frequently than each year, compute your net sales.
“We will watch results in your territory very carefully. If in our opinion or yours this arrangement is not working out satisfactorily for any reason, either one of us can terminate this arrangement at any time and our relationship to each other will end directly upon the sending of notice. After such termination whatever amounts are still outstanding under this arrangement one way or the other will be settled up promptly. ’ ’
The foregoing recital of the contents of the complaint to the extent they are set forth is based upon the complaint in accordance with the proposed amendment as prayed for by the cross motion made by the plaintiff for leave to amend. It is conceded that the proposed amendments do not in fact alter the impact of the objections raised to the pleading or the application of the pertinent legal principles. The motion is considered upon the basis of the proposed amended complaint. The cross motion is granted and the complaint is deemed amended accordingly.
Defendant argues that since the contract pleaded in the complaint would become effective before the so-called conditions precedent commenced to operate, the attempt to allege such conditions is no more than an attempt to vary the contract by parol. However, the complaint further raises the question whether the writing attached to the complaint is the contract or *337 a memorandum, of an oral agreement. There is further the question whether the writing was the contract embodying all the terms or whether the words therein contained “ on the terms agreed with you ” constituted the agreement of which the writing was but a memorandum. The alleged terms of the agreement not to be found in the contract do not appear conclusively at least to vary or contradict it or to be inconsistent with it, but may well provide additional or collateral conditions and understandings. These matters can be determined upon a trial only.
The motion is denied.