## (December 6, 1960)

■ ABRAHAM I. SULTAN, Respondent, v. LAMPORT CO., INC., Appellant. APPEAL from an order of the Supreme Court, at Special Term, entered December 18, 1959, in New York County which denied a motion by defendant for an order to dismiss the first and second causes of action of the amended complaint.

MEMORANDUM BY THE COURT. Order entered on December 18, 1959, denying a motion to dismiss first and second causes of action of the amended complaint for insufficiency and granting the cross motion to serve an amended complaint, modified, on the law, to the extent of dismissing the first cause of action and, in the exercise of discretion, with leave to replead and the order, as so modified, affirmed, with $20 costs and disbursements to the appellant. In this action, under which the plaintiff seeks to recover for unlawful discharge as a sales agent for the defendant, the plaintiff annexes to the complaint a writing setting forth certain terms of an agreement entered into between the parties. The defendant, in support of his motion to dismiss the first cause of action, urges that it appears from the writing that no cause of action exists. It is true that on a motion to dismiss a complaint for insufficiency, where a party rests on a written agreement which is annexed to the complaint, the court will determine the rights of the parties by reference to that writing regardless of what effect the plaintiff attempts to give to it in his pleading. However, nothing in this complaint compels a construction that that writing constitutes the entire agreement between the

parties. On the contrary there are additional terms of the agreement set forth. True, he characterizes those additional terms as conditions precedent but a fair reading of the first cause of action seems to indicate his intention to plead a contract of broader scope than that which is encompassed by the writing. We cannot tell from the complaint whether these additional terms were oral or in writing,[*] nor does it appear conclusively that they vary or contradict the terms of the written document rather than supplement them. Whether or not the plaintiff will be able to offer introducible evidence in support of those additional terms we cannot determine from the pleadings. However, the first cause of action does not set forth an agreement with sufficient clarity to enable the defendant to properly answer. Moreover, the first cause of action is deficient in that there is no showing of the duration of his period of employment. It is, therefore, lacking in a term essential to an enforcible contract. The first cause of action should therefore be dismissed. However, the plaintiff should be given an opportunity to replead clearly the entire agreement upon which he relies. We find the second cause of action to be sufficient. Ignoring the inappropriate use of the term " condition precedent " and giving a liberal construction to the pleading, it appears that what is pleaded is an independent agreement whereby upon the termination of plaintiff's employment, he would be reimbursed for his relocation expenses. Such an agreement, if proven, can stand on its own regardless of whether the first cause of action is good or bad. He alleges the employ- ment and he alleges the termination thereof. His claim is for reimbursement of his relocation expenses which he alleges was promised upon the termination of that employment. While it is true that this cause would suffer from the same infirmities as does the first cause of action if we were obliged to treat this agreement as part of the basic employment contract, there is nothing in the pleading that makes it mandatory that we do so. The agreement here pleaded can be considered as a separate and distinct one sustained by an independent and adequate consideration.

BREITEL, J. P. (dissenting in part). The order denying the motion to dismiss the first and second causes of action of the amended complaint for legal insufficiency should be reversed entirely, the motion granted and the causes of action dismissed, without leave to replead.

Only the first two out of four causes of action are involved. In each plaintiff endeavors to allege an agreement, conceded in his brief to be oral, which he states was the inducement to his entering into the written agreement of continued employment. In the first cause of action he seeks to avoid the inevitable legal consequences by literally characterizing defendant's alleged promises as " a condition precedent ". In the second cause of action he seeks to accomplish the same effect by again repeating that an agreement, this time with respect to removal expenses, was " a further condition precedent ". In each cause of action there is incorporation by reference of the written agreement to which these alleged " oral " agreements are supposed to be conditions precedent and inducements to plaintiff.

The rule is well settled that when, in a pleading, a written agreement is attached and incorporated by reference, its legal effect is to be determined from the writing and not from the allegations of the pleader (*Greeff* v. *Equitable Life Assur. Soc.*, 160 N. Y. 19, 29; *Red Robin Stores* v. *Rose*, 274 App. Div. 462, 465). Consequently, the written agreement in this case is controlling.

---

[*] The brief of the plaintiff-respondent refers to these additional terms as being oral but there is no explicit concession to that effect. However, the resolution of this appeal does not depend on whether they were oral or in writing.

The written agreement, as is evident from its face, provides for the continued employment of plaintiff in the Cleveland office of defendant. It provides that defendant " is not to be involved or obligated for any personal business or other expense [of plaintiff] of whatever nature ". There is then provision for various percentage payments by way of commissions and the stipulation that " After such termination whatever amounts are still outstanding under this arrangement one way or another will be settled up promptly ". It was provided in the agreement that the employment could be terminated at the option of either party.

The agreement, concededly oral, alleged in the first cause of action as a " condition precedent " is to the effect that the employment could not be terminated without a comparison of the amount of business done, and if there were a material increase over the prior period " the said agreement should remain and continue to be in full force ". The alleged oral agreement is a flat contradiction of the provision in the written agreement that it is terminable at will if either party were not satisfied.

The agreement in the second cause of action, also concededly oral, is alleged to have provided that, if the agreement were terminated by defendant, defendant would pay plaintiff $1,200 and other reimbursement for certain substantial expenses in removing his home from Cleveland to New York. This alleged oral agreement is in flat contradiction of the written agreement insofar as the latter provided that defendant was not to be involved or obligated for any personal, business or other expenses of whatever nature.

In *Fogelson* v. *Rackfay Constr. Co.* (300 N. Y. 334) Judge FULD, on behalf of the Court of Appeals, made the applicable rule quite clear (p. 338) : " The rule, defining the limits of the contract to be construed, forbids proof of an oral agreement to add to or vary the writing. It does not, however, apply where the written contract was not intended to embody the entire agreement between the parties. In general, an oral agreement may be proved only if it is ' not   *   *   * so clearly connected with the principal transaction as to be part and parcel of it ' ". True, in that case the question arose after trial. But the principle is still controlling in this pleading case. This is the way Judge FULD further applied the rule to the facts in that case (p. 340) : " From the tenants themselves in the case before us come indisputable acknowledgment that the transaction was single and that the oral agreement not only was part of the consideration but was the inducing cause for the execution of the lease itself. In so many words, they said that they would not have signed the leases had the landlords not promised to furnish bus service." Transposing a description of the parties and adjusting the references, the language matches the problem in this case with astounding precision. For, in this case plaintiff has alleged in each cause of action that the extrinsic, and therefore parol, agreement was the inducing cause for the execution of the written agreement. He has, in truth, said, in so many words, that he would not have signed the written agreement if the employer had not promised him the additional right to continue the agreement and the additional payments.

All that remains to the problem is that a reading of the letter agreement between the parties bespeaks its own finality and completeness. Moreover, while plaintiff contends otherwise in his brief on appeal, it is evident from his pleading that his theory rests on the making of independent oral agreements as conditions precedent to the integrated written agreement. So, too, by plaintiff's own allegations, the oral agreements are " so clearly connected with the principal transaction as to be part and parcel of it ". The key to plaintiff's dilemma is that he cannot claim an incomplete writing here because the subject matter of the alleged oral agreements is covered and contradicted in the writing. He can

only hope to escape the parol evidence rule by arguing independent conditions precedent, but the court is unanimous that that is a legal impossibility.

Leave to replead should not be granted because it is evident that plaintiff cannot legally or truthfully escape the effect of the written agreement he has incorporated by reference in each of the causes of action attacked.

Rabin, Valente and Eager, JJ., concur in Memorandum; Breitel, J. P., dissents in part and votes to reverse in entirety in opinion in which Stevens, J., concurs.

Order modified on the law, etc. [20 Misc 2d 334.]